MORRIS H. SIEGEL and SAM M. SIEGEL, Doing Business under the Firm Name and Style of Policyholders Advisory Council, Appellants, Respondents, *v.* METROPOLITAN LIFE INSURANCE COMPANY and Others, Respondents, Appellants, Impleaded with YOUNG & RUBICAM, INC., and Others, Defendants.

First Department, January 30, 1942.

*Lawrence S. Timen* of counsel [*Eleanor R. Schwartz* with him on the brief], for the plaintiffs.

*Stuart N. Updike* of counsel [*James W. Rodgers* with him on the brief; *Townley, Updike & Carter*, attorneys], for the defendants.

GLENNON, J. Two appeals from orders entered upon motions directed to defendants' answer and counterclaim are consolidated in the present record. The first order was entered at Special Term, New York county, on May 2, 1940. The second order was entered on June 26, 1940. The latter order, which was entered at the direction of Mr. Justice CHURCH, we believe properly disposed of the matters in controversy and, consequently, should be affirmed.

However, a different situation obtains with reference to the order bearing date May 1, 1940. Plaintiffs' motions were there directed to defendants' first complete defense on the ground that it is insufficient in law on its face, to defendants' first counterclaim on the ground that it does not state facts sufficient to constitute a cause of action, and to seven partial defenses upon the stated ground that each is insufficient in law on its face. The motion was granted to the extent of striking out the second, third, fourth, fifth and sixth partial defenses. The defendants have appealed from the order in so far as it strikes out these partial defenses. We believe that the defendants' appeal is well founded.

We do not deem it necessary to review at length the allegations set forth in the voluminous complaint which charged these defendants apparently with a series of separate and distinct torts, which the plaintiffs assert, in effect, constitute a conspiracy directed at them. Considering, as we must, the nature of the complaint and not knowing from the pleading itself upon which theory the plaintiffs intend to proceed on the trial of this action, we think that the matter pleaded in the partial defenses which were stricken out was sufficient as a matter of law.

The gist of the second partial defense is that the matter published by the defendants and complained of herein was published by them in the performance of their duty of protecting the Metropolitan, its business, policyholders, officers, employees and agents against the activities and attacks of plaintiffs, and that the matter was and is of common interest to the defendants, the policyholders, officers, employees and agents, and was published without malice towards plaintiffs under a sense of duty and upon reliable information and in the honest belief that the same was true. Further, that the matter was and is privileged.

The third partial defense sets forth in part that " Any matter published by said defendants and complained of herein was published by them in reply to plaintiffs' statements, broadcasts and other publications, in an effort on the part of said defendants to advise the policyholders and agents of the Metropolitan of the source and motive for said statements, broadcasts and other pub-

lications made by plaintiffs. The matter complained of was published without malice toward plaintiffs, in defense of said defendants, in reliance upon trustworthy information and in the honest belief that the same was true. Said matter was and is privileged."

The fourth partial defense contains the following allegation: " Any matter published by any of said defendants herein and complained of herein which was published in legislative hearings, or in the hearing of the Sub-Committee before the Temporary National Economic Committee, constituted a part of such proceedings, was and is pertinent thereto and material to the issues thereof, and was and is absolutely privileged."

The fifth partial defense refers to the Statute of Limitations applicable to libel and slander.

The sixth partial defense states that certain allegations which are to be found in the complaint are the basis of a prior action instituted by plaintiffs and others against the defendants in the Supreme Court, New York county, and that said prior action is now pending and undisposed of.

Under the circumstances, we are constrained to the view that the order entered May 2, 1940, in so far as it strikes out the second, third, fourth, fifth and sixth partial defenses, should be reversed, with ten dollars costs and disbursements to the defendants-appellants, and the motion in all respects denied. The order entered June 26, 1940, so far as appealed from, should be affirmed, with ten dollars costs and disbursements to the defendants-appellants.

MARTIN, P. J., O'MALLEY, TOWNLEY and UNTERMYER, JJ., concur.

Order entered May 2, 1940, in so far as it strikes out the second, third, fourth, fifth and sixth partial defenses, unanimously reversed, with ten dollars costs and disbursements to the defendants-appellants, and the motion in all respects denied. Order entered June 26, 1940, so far as appealed from, unanimously affirmed, with ten dollars costs and disbursements to the defendants-appellants.