EDWARD J. DANZIGER, Respondent, v. HEARST CORPORATION et al., Appellants.

Argued April 7, 1952; decided July 15, 1952.

*Charles Henry* for appellants.  I. The defense of privilege is sufficient by virtue of section 337 of the Civil Practice Act. (*Stevenson* v. *News Syndicate Co.,* 276 App. Div. 614, 302 N. Y. 81; *Stuart* v. *Press Pub. Co.,* 83 App. Div. 467; *Campbell* v. *New York Evening Post,* 245 N. Y. 320; *Lee* v. *Brooklyn Union Pub. Co.,* 209 N. Y. 245; *Sanford* v. *Bennett,* 24 N. Y. 20; *Stolow* v. *Hearst Corp.,* 105 N. Y. S. 2d 284; *May* v. *Syracuse Newspapers,* 250 App. Div. 155; *Schachter* v. *News Syndicate Co.,* 270 App. Div. 378; *Farrell* v. *New York Evening Post,* 167 Misc. 412.) II. Courts have no power to suppress publications by contempt

proceedings in the absence of clear and present danger. (*Cowley* v. *Pulsifer,* 137 Mass. 392; *People* v. *Defore,* 242 N. Y. 13; *People* v. *Richter,* 43 N. Y. S. 2d 114; *Hernandez* v. *Brookdale Mills,* 201 App. Div. 325; *Bridges* v. *California,* 314 U. S. 252; *Pennekamp* v. *Florida,* 328 U. S. 331; *Craig* v. *Harney,* 331 U. S. 367; *Maryland* v. *Baltimore Radio Show,* 338 U. S. 912.) III. Rule 278 of the Rules of Civil Practice is an attempt at abridgment of free speech in violation of the First and Fourteenth Amendments to the United States Constitution and section 8 of article I of the New York Constitution. (*Schneider* v. *State,* 308 U. S. 147; *Craig* v. *Harney,* 331 U. S. 367; *Bridges* v. *California,* 314 U. S. 252; *Pennekamp* v. *Florida,* 328 U. S. 331; *Near* v. *Minnesota,* 283 U. S. 697; *Cantwell* v. *Connecticut,* 310 U. S. 296; *Thomas* v. *Collins,* 323 U. S. 516; *Lovell* v. *Griffin,* 303 U. S. 444; *Providence Journal Co.* v. *McCoy,* 94 F. Supp. 186.) IV. The partial defense in any event is clearly sufficient. (*Fleckenstein* v. *Friedman,* 266 N. Y. 19.)

*Nathan H. Elman* for respondent. I. The privilege afforded newspapers to publish details of judicial proceedings is confined solely to matters of public record. Defendants may not publish details of secret and confidential files. (*Stevenson* v. *News Syndicate Co.,* 276 App. Div. 614, 302 N. Y. 81; *McCurdy* v. *Hughes,* 63 N. D. 435; *McCabe* v. *Cauldwell,* 18 Abb. Prac. 377; *Stuart* v. *Press Pub. Co.,* 83 App. Div. 467; *Sachs* v. *Blum,* 241 App. Div. 384; *Farrell* v. *New York Evening Post,* 167 Misc. 412.) II. Rule 278 of the Rules of Civil Practice is reasonable, consistent with the statutes and public policy, and is not an attempt of the court to legislate contrary to the First and Fourteenth Amendments of the United States Constitution and section 8 of article I of the New York Constitution. (*Matter of North* v. *Foley,* 238 App. Div. 731; *Stuart* v. *Press Pub. Co.,* 83 App. Div. 467; *Matthews* v. *Associated Press of State of N. Y.,* 136 N. Y. 333; *Chamber of Commerce* v. *Federal Trade Comm.,* 13 F. 2d 673; *Fleming* v. *Lowell Sun Co.,* 36 F. Supp. 320.)

LOUGHRAN, Ch. J. In this action for libel the complaint makes these allegations: The defendant, the Hearst Corporation, publishes a newspaper called the " Sunday Mirror " and the defendant King Features Syndicate, Inc., publishes the " Sunday Mirror Magazine Section ". On May 14, 1950, the defend-

ants published in the " Sunday Mirror Magazine Section " an article of and concerning the plaintiff which repeated charges that had been made against the plaintiff by his wife in a separation action which she had brought against him in the New York Supreme Court. These charges, it is here alleged, were false, exaggerated and sensational and accused the plaintiff of having assaulted and physically tortured his wife.

The complaint herein further alleges: The separation action brought against the plaintiff by his wife has been settled. Neither party to that action gave any testimony therein. But, on or about March 30, 1950, the plaintiff's wife made in that action a motion for temporary alimony and for counsel fees and in support of that motion submitted an affidavit sworn to by herself. The motion papers were filed without argument on April 10, 1950, at Special Term, Part I, New York County. Although inspection of these papers was barred by rule 278 of the New York Rules of Civil Practice unless the court ordered inspection thereof, the defendants illegally and without such an order or any other authority obtained from the files of the court a copy of the affidavit made by the plaintiff's wife and published it. These allegations of the complaint are admitted in the amended answer of the defendants.

The amended answer pleads a first and complete defense in this form: " 7. The publication complained of herein was a fair and true report of certain official and judicial proceedings, to wit, an action for a separation between said plaintiff and his wife pending in the Supreme Court of the State of New York. Such publication gave a correct account of matters duly sworn to in the course of such proceedings and such proceedings formed the basis of the information disseminated by defendants. Such publication as was made by defendants correctly convey[s] to readers the nature, circumstances and judicial background of the material published without in any way indicating any judgment or conclusion of defendants, or recommendation for readers to form any conclusion one way or the other. Such publication was in the ordinary course of business, without malice, and was privileged."

The amended answer sets forth the following first partial defense: " 8. Defendants reallege paragraph ' 7 ' of this amended answer by way of partial as well as of complete defense.

Defendants' publication was based on a source of the utmost reliability and such source was clearly indicated by defendants in the publication complained of.''

The plaintiff moved for an order striking out the above defenses and that motion was granted by Special Term. In a memorandum decision the court said: '' When a newspaper publishes matter which it had no legitimate access to and which the public policy of the state declares should not be made available to anyone except the parties and their representatives, the publication is not privileged but made at peril.''

The order of Special Term was affirmed by a divided vote of the Appellate Division and by leave of that court the defendants appealed to us upon the following questions certified: '' 1. Is the first defense set forth in defendants' amended answer herein sufficient in law? 2. Is the first partial defense set forth in defendants' amended answer herein sufficient in law? ''

(1) We think the plaintiff is right in his assertion that the first defense disregards rule 278 of the Rules of Civil Practice. It is thereby provided: '' *Information as to details of matrimonial actions.* An officer of a court with whom the proceedings in an action to annul a marriage or for divorce or separation are filed, or before whom the testimony is taken, or his clerk, either before or after the termination of the suit, shall not permit a copy of any of the pleadings or testimony, or any examination or perusal thereof, to be taken by any other person than a party, or the attorney or counsel of a party who had appeared in the cause, except by order of the court.''

The defendants assail rule 278 as a violation of the constitutional guarantees of freedom of the press. This criticism of the rule fails, we think, to take proper account of its scope and purpose. The rule is addressed to officers and clerks of the New York Supreme Court. It does not prohibit access to the minutes of the clerk of the court and thus does not interfere with the right of any person to obtain information in respect of the pendency or result of any matrimonial action. Nor does the rule prohibit publication of the details of a matrimonial action that are obtained from a source other than the files of the court. Of course, such a publication is actionable if defamatory. But this liability for indefensible defamation cannot be

taken to be an unconstitutional restriction of the freedom of the press.

The defendants also assail rule 278 as a piece of judicial legislation. This criticism, we think, overlooks the history of the rule which goes back to 1847 (see rule 118 of the General Rules of Practice of 1847). Since that date the rule has been repeatedly re-enacted by the New York Supreme Court pursuant to authority to make rules of civil practice conferred on the court by the State Legislature (see Judiciary Law, § 83). As we see it, this long history is an assurance that in the opinion of the profession rule 278 is an admissible exercise of the rule-making power of the New York Supreme Court (see *Hanna* v. *Mitchell,* 202 App. Div. 504, affd. 235 N. Y. 534).

(2) We think the defendants are mistaken in their reliance upon section 337 of the Civil Practice Act. It is thereby provided: "*Privileges in action for libel.* A civil action cannot be maintained against any person, firm or corporation, for the publication of a fair and true report of any judicial, legislative or other public and official proceedings, or for any heading of the report which is a fair and true headnote of the statement published."

The statutory words just quoted are read by the defendants as embracing judicial proceedings that are not public. We cannot adopt that construction. As we read the text of section 337, the word "public" refers to the words "judicial" and "legislative". A contrary construction would do violence to the public policy behind the statute (see HOLMES, J., in *Cowley* v. *Pulsifer,* 137 Mass. 392, 394; 18 Halsbury's Laws of England [1st ed.], p. 694; Odgers on Libel and Slander [6th ed.], pp. 253–257). Moreover such a construction would in effect nullify other statutes whereby the Legislature has directed preservation of secrecy in respect of records of a number of judicial proceedings (see Judiciary Law, § 90, subd. 10; N. Y. City Dom. Rel. Ct. Act, § 52; Mental Hygiene Law, § 74, subd. 6; Code Crim. Pro., §§ 913-f, 952-t; L. 1951, ch. 716, § 23).

In a word, the first defense — which was pleaded as a complete defense — was rightly stricken out by the courts below.

(3) But the facts pleaded in the answer of the defendants could, on proof thereof, be found to be sufficient as a partial defense under section 338 of the Civil Practice Act which says:

" In an action for libel or slander, the defendant may prove mitigating circumstances, including the sources of his information and the grounds for his belief, notwithstanding that he has pleaded or attempted to prove a justification."

The order appealed from should be modified in accordance with the opinion herein, and, as so modified, affirmed, with costs to the plaintiff. The first question certified should be answered in the negative; the second question certified should be answered in the affirmative.

LEWIS, CONWAY, DESMOND, DYE, FULD and FROESSEL, JJ., concur.

Ordered accordingly.