■ HERBERT C. SILBERMAN, Appellant, v BERNARD E. CLAIR et al., Respondents. [612 NYS2d 889] —Appeal by the plaintiff from stated portions of an order of the Supreme Court, Nassau County (Roncallo, J.), dated February 28, 1992.

Ordered that the order is affirmed insofar as appealed from, with costs, for reasons stated by Justice Roncallo at the Supreme Court in his memorandum decision dated February 3, 1992 *(see, Danziger v Hearst Corp.,* 304 NY 244, 248; Scheinkman, Practice Commentary, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law § 235:1, at 121). Thompson, J. P., Pizzuto, Santucci and Goldstein, JJ., concur.

■ ELIZABETH SKELLY et al., Appellants, v MARGUS Co., INC., Respondent. [609 NYS2d 349] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Gowan, J.), dated March 3, 1992, which, after a hearing, *inter alia,* granted the defendant's motion to dismiss the action for lack of personal jurisdiction.

Ordered that the order is affirmed, with costs.

Process was served upon the wife of one of the officers of the corporate defendant, who allegedly claimed to be a managing agent of the corporation. At the hearing, she testified that she was not associated with the corporation, either as agent or employee. The plaintiffs did not prove that she was a proper person to serve in order to effectuate service on the corporate defendant *(cf., Fashion Page v Zurich Ins. Co.,* 50 NY2d 265). Therefore, we find that the court did not err in granting the defendant's motion to dismiss the complaint for lack of personal jurisdiction. Mangano, P. J., Miller, Hart and Florio, JJ., concur.