WILLIAM P. FLECKENSTEIN, Appellant, *v.* BENNY FRIEDMAN et al., Respondents.

(Argued October 1, 1934; decided November 27, 1934.)

*Mason H. Partridge, Jr.,* for appellant. The alleged defense of justification wholly fails to justify the article complained of. (*Bingham* v. *Gaynor,* 203 N. Y. 27; *Abell* v. *Cornwall Industrial Corp.,* 241 N. Y. 327; *Lanpher*

v. *Clark*, 149 N. Y. 472; *Gressman* v. *Morning Journal Assn.*, 197 N. Y. 474.) The plea of justification must be explicit. (*Bingham* v. *Gaynor*, 203 N. Y. 27; *Wachter* v. *Quenzer*, 29 N. Y. 547; *Billings* v. *Waller*, 28 How. Pr. 97; *Jones* v. *Stevens*, 11 Pet. 235.) The alleged partial defense in justification is insufficient in law. The facts alleged, by designation and effect, are in mitigation and do not constitute justification. There is no such thing as half justification. (*Fero* v. *Ruscoe*, 4 N. Y. 162; *Mattice* v. *Wilcox*, 147 N. Y. 624; *Wachter* v. *Quenzer*, 29 N. Y. 547; *Bush* v. *Prosser*, 11 N. Y. 347; *Goodrow* v. *Press Co.*, 233 App. Div. 41; *McClelland* v. *Climax Hosiery Mills*, 252 N. Y. 347.)

*Charles E. Kelley* and *Christian S. Lorentzen* for respondents. The justification is as broad as the charge. (*Cafferty* v. *Southern Tier Pub. Co.*, 226 N. Y. 87.) Any matter tending to reduce compensatory damages may be set up as a partial defense. The justification of any part of a libelous article might tend to reduce the compensatory damage *pro tanto* and constitute a partial defense in justification. This presents a question of fact. (Civ. Prac. Act, § 262; *Wachter* v. *Quenzer*, 29 N. Y. 547; *Lanpher* v. *Clark*, 149 N. Y. 472; *Gressman* v. *Morning Journal Assn.*, 197 N. Y. 474; *Cooper* v. *Greeley*, 1 Den. 347; *Bernstein* v. *Singer*, 1 App. Div. 64; *Remsen* v. *Bryant*, 47 App. Div. 503; *Brisack* v. *King*, 199 App. Div. 213; *McClelland* v. *Climax Hosiery Mills*, 252 N. Y. 347; *Staten Island Midland R. R. Co.* v. *Hinchliffe*, 170 N. Y. 473.)

CROUCH, J. The plaintiff Fleckenstein and the defendant Friedman were sometime college and later professional football players. In 1932 Friedman wrote and the defendant Collier Company published an article dealing with the amenities of the game. It stated, among other things, that " Both games [college and professional] suffer from the occasional player with a mean streak — the

bully of boyhood who knows his physical superiority and takes sadistic pleasure in displaying it." This theme was first illustrated by reference to the conduct of an anonymous college player and then by reference to Fleckenstein by name, and to the "Fleckenstein Formula." The formula — "his idea of play"— was briefly stated as being "loser take all — on the chin." He was described as "a specialist at infighting during scrimmages," and as "a rough gent who's discreet enough to slug under cover."

This is an action for libel based upon the publication of the article. The complaint alleges a cause of action for injury to plaintiff's good name, credit and reputation generally; and another for injury to him in his business or profession of playing professional football. The answer, after denials putting in issue all the material allegations of the complaint except publication, pleads justification as "a first defense," then realleges the same matter as "a partial defense in justification;" and finally realleges it as "a partial defense in mitigation of any damages to which the plaintiff might otherwise be entitled."

The questions certified relate to the sufficiency in law of the defense of justification and of the partial defense in justification.

1. The matter set out in justification is as follows: "During the said period, 1927–1931, inclusive, while engaged in playing professional football, in violation of the rules of football, fair play and good sportmanship and to the detriment of the game of professional football, the plaintiff employed and practiced the unlawful tactics of striking opposing players in scrimmages with the closed fist or the heel of the palm, or of butting opposing players with the knee or elbow in the groin or stomach or face or jumping or falling on the back of opposing players landing on the knees and employing unlawful use of the hands by gouging and choking, and unlawful use of the feet in tripping and unnecessary roughness in charging,

blocking and unnecessarily piling and unnecessarily trampling or treading on opposing players with heavy cleated shoes and otherwise playing 'dirty' football; and at the time of the publication of the alleged article the fame and reputation of the plaintiff as a professional football player was bad, the plaintiff being generally in disrepute for slugging and the other illegal tactics above enumerated and for playing unsportsmanlike and 'dirty' football."

This is attacked for lack of breadth and for failure to be direct and explicit. Appellant says, moreover, that while it unquestionably refers to definite acts, it is vague in particularity. No innuendo is pleaded, but it is argued here that the sting of the libel is in depicting plaintiff as striking contemptibly, slyly and with crafty artfulness while the backs of the officials were turned. That is a matter for the determination of the jury. It might very well be said that the sting abided in the rather obvious charge that plaintiff was a player with a mean streak — a sadistic bully — and that the balance of the article illustrated the charge. Even if we accept plaintiff's view, it still seems to us a jury might well say that the justifying facts mean the same thing. A workable test is whether the libel as published would have a different effect on the mind of the reader from that which the pleaded truth would have produced. " When the truth is so near to the facts as published that fine and shaded distinctions must be drawn and words pressed out of their ordinary usage to sustain a charge of libel, no legal harm has been done." (*Cafferty* v. *Southern Tier Pub. Co.*, 226 N. Y. 87, 93.) As to particularity, whatever is necessary to enable plaintiff to meet defensive matter may be obtained on motion.

2. The second question may be answered without going into a tortuous discussion of cases running far back into the common law of pleading. (Cf. *Bush* v. *Prosser*, 11 N. Y. 347.) The contention of the defendants in

support of their pleading is, if we understand it, in substance, that matter in *mitigation* goes only to the question of malice as bearing on punitive damages; that matter in *reduction* goes to compensatory damages; that facts tending but failing to prove the truth may be matter in reduction as well as in mitigation; but that such facts may not be utilized in reduction unless so pleaded as a partial defense.

Whatever the older cases may have said, there is no doubt now that facts tending but failing to prove the truth of any distinct charge are relevant as bearing on the amount of compensatory damages to be awarded by the jury. (*Gressman* v. *Morning Journal Assn.*, 197 N. Y. 474; *Lanpher* v. *Clark*, 149 N. Y. 472.)

The question remains whether to be admissible they must be pleaded in some form. Section 338 of the Civil Practice Act permits proof of " mitigating circumstances " in actions for libel and slander, notwithstanding justification has been pleaded. Section 262 permits a partial defense to be pleaded in any action, and defines as a partial defense " matter tending only to mitigate or reduce damages." The phrases " mitigating circumstances " and " matter tending only to mitigate or reduce damages," mean the same thing. They mean circumstances that bear " upon a defendant's liability for punitive or exemplary damages by reducing or softening the moral or social culpability attaching to his act, or upon his liability for actual damages by showing that, though suffered, they had been partially extinguished." (*McClelland* v. *Climax Hosiery Mills*, 252 N. Y. 347, 355, per CARDOZO, Ch. J.) What they do not mean is stated with equal clarity in the same opinion at page 358 — " Mitigating circumstances are not those that reduce the actual damages by showing that they were not suffered." Then to drive home the distinction the opinion adds: " Mitigating circumstances are those that affect the basis for an award of exemplary damages,

or reduce actual damages by showing, not that they were never suffered, but that they have been partially extinguished. "

The general rule is, therefore, that matter tending to disprove actual damages or damages claimed to be actual, may be proved by a defendant though not set up in the answer, since such matter is not in mitigation within the meaning of the statute. (*McClelland* v. *Climax Hosiery Mills, supra*, p. 356.) It is true that facts tending but failing to prove the truth of a libel is matter tending merely to disprove asserted damages; but the same considerations of administrative convenience which long ago led the courts to exclude proof of the truth unless pleaded (*Underwood* v. *Parks*, 2 Strange, 1200), apply equally to proof of facts tending to prove less than the truth. To be admissible, such facts should be pleaded as a partial defense. What was said on the question of compensatory damages in *Gressman* v. *Morning Journal Assn.* (*supra*), was said in the light of an answer which was taken as pleading such a defense. It is to be noted, however, that the Civil Practice Act requires no label characterizing the purpose of a partial defense. A plain statement of the facts relied upon, pleaded expressly as a partial defense to the entire complaint, or to one or more causes of action therein, is sufficient. So pleaded, the matter may be utilized for any proper purpose. The separate defense set out in paragraph ninth is superfluous and may be struck out, since the same facts are pleaded as a partial defense in paragraph tenth. The label may be disregarded.

The order appealed from should be modified in accordance with this opinion, and as so modified, affirmed, without costs. Question number one should be answered in the affirmative; question number two in the negative.

POUND, Ch. J., CRANE, LEHMAN, O'BRIEN, HUBBS and LOUGHRAN, JJ., concur.

Ordered accordingly.