PRINCESS STEPHANIE DOLGOROUKY, Respondent, *v.* DAILY MIRROR, INC., and Others, Appellants.

First Department, October 30, 1936.

*Charles Henry* of counsel [*Manheim Rosenzweig*, attorney], for the appellants.

*Borris M. Komar*, for the respondent.

O'MALLEY, J. We concur with Mr. Justice McAVOY in so far as the insufficiency of the complete defense is concerned. We disagree with respect to the alleged insufficiency of the partial defense. A partial defense is not required to be as broad as the entire charge.

Only recently it was said by the Court of Appeals in *Fleckenstein* v. *Friedman* (266 N. Y. 19, 24): "Whatever the older cases may have said, there is no doubt now that facts tending but failing to prove the truth of any distinct charge are relevant as bearing on the amount of compensatory damages to be awarded by the jury."

The facts alleged in the partial defense seem to fall within this rule.

The allegations of the complete defense, though stricken out, are still retained, in so far as they are repeated by reference in the first partial defense.

It follows, therefore, that the order appealed from should be modified by denying the motion to strike out the first partial defense, and as so modified affirmed, with twenty dollars costs and disbursements to the appellants to abide the event, and with leave to the appellants to plead anew in respect to the complete defense, if they be so advised, within twenty days after service of a copy of the order entered herein.

MARTIN, P. J., TOWNLEY and GLENNON, JJ., concur; McAVOY, J., dissents and votes for affirmance.

McAVOY, J. (dissenting). The appeal arises in an action for libel, demanding judgment in the sum of $250,000, in which defendants' first defense and first partial defense were struck out.

The complaint alleges that plaintiff is the widow of Prince Anatole Dolgorouky of Russia, and that the Princes Dolgorouky were direct descendants of the family of Rus which ruled Russia from 862 to 1598. It further states that plaintiff was a sister-in-law of the late Emperor Alexander II of Russia; that she is known internationally as a member of the highest and most exclusive society of the world; that the defendant *Daily Mirror, Inc.*, in its issue on

December 10, 1935, published an article in which it is alleged that plaintiff, formerly " a glowering brunette " and now only " her shade " resembling a " spook," without any invitation " crashed in " upon a party conducted at El Morocco Restaurant, by Mrs. Edward Wylde and May Fairchild; that " very diplomatically the phantom was informed that the party was private. The specter replied that the club was a public place. The answer was that from 5 to 7 o'clock, it has been engaged by Mrs. Wylde and Miss Fairchild and that only those bidden to the frolic were welcome.

" A verbal parley ensued. Madame la Princess insisted upon one thing and another. Finally a determined waiter pulled away from the apparition the table at which she had seated herself. Everybody expected a frightful climax, but the spirit disappeared. We all rushed toward the bar  *  *  *.

" When I went to bed at three A. M., I pulled the sheet over my head. I was afraid the Dolgorouky ghost would arise to haunt me. It did not. But I am going to avoid dark streets for many a moon."

Four days later another attack was made upon the plaintiff by the same newspaper, in which it said: " Mrs. Menken informs me that she will order all ' crashers ' at her New Year's reception to be ejected. A hotel detective will be stationed at the door and if anybody tries to ' sneak in ' he or she will be bounced out unceremoniously. I hope Princess Stephanie Dolgorouky reads these lines." This held plaintiff up to more than trivial ridicule and is *prima facie* actionable.

The amended answer, after admitting the publication and the corporate entity of the defendant *Daily Mirror, Inc.*, and its general circulation, sets up two defenses, in the first of which it alleges: " The said plaintiff immigrated to this country from Russia and took up her residence in New York, where she held herself out to be a Princess, and a direct descendant of the ruling dynasty of Russia."

It then describes the Wylde-Fairchild party and alleges: " In the course of said social gathering, the said plaintiff appeared at El Morocco Club at the scene of said party, presenting an appearance of extreme pallor, and attempted to become a guest at said party, together with an escort whose name is to the defendants unknown;" that plaintiff, when advised that the party was private, and that she had to withdraw, " insisted that El Morocco Club was a public place." Thereafter, after further altercation with the waiter, the plaintiff was induced to step into the hall, wherefrom she left, after ropes were put up between the hall and the bar. From this fact the defendants make the conclusion that " The said plaintiff did, in truth and in fact, attempt to become a guest at a private party to which she was not invited and at which her presence was not desired, and by her unreasonable resistance to courteous requests

to withdraw from said party, reasonably induced the belief that such performance on her part might be repeated at subsequent private social parties unless appropriate means were devised for the prevention of such unwelcome attendance."

The partial defense realleges the first defense and pleads that the facts stated in the first defense " had been theretofore communicated to the defendants by trustworthy persons and from trustworthy sources; were relied upon and believed to be true by said defendants in making the publications complained of in the complaint herein, and were calculated to and did induce in the defendants the belief that the said publications complained of in the complaint were true and said publications were without malice."

Not a single fact showing that plaintiff " attempted to become a guest at said party " is pleaded by the defendants. In fact, nothing is even intimated that the plaintiff and her escort refused to pay for whatever they might have ordered to be served to them at the El Morocco Restaurant. Not a single act or statement is attributed to the plaintiff, showing her intention to " crash in " on the Wylde-Fairchild party.

The only justification for calling the plaintiff a ghost, a spirit, a phantom, an apparition, a wraith, is the statement that she presented " an appearance of extreme pallor." No justification whatsoever is offered for the statement that " the keyhole has yet to be made which would serve as an entrance for Princess Dolgorouky or her wraith."

The facts do not purport, even in the remotest degree, to alleviate the statement that when " the spirit of the Princess Dolgorouky * * * appeared, several human beings, including myself, fled."

The first complete defense is insufficient in law, because it is not as broad as either of the charges; because it fails to state the facts but relies on the pleader's conclusions; and because its text is itself libelous.

The partial defense is insufficient in law because it fails to set forth facts to sustain the charge; because it is not as broad as the charge; and because the publication was presumptively malicious, and motive or information from so-called trustworthy sources would not mitigate the civil offense.

The order should be affirmed, with twenty dollars costs and disbursements.

Order modified by denying the motion to strike out the first partial defense, and as so modified affirmed, with twenty dollars costs and disbursements to the appellants to abide the event, and with leave to the appellants to plead anew in respect to the complete defense, if they be so advised, within twenty days after service of order with notice of entry thereof.