LA STAMPA LIBERA ASSOCIATION, INC., Plaintiff, *v.* NEW YORK EVENING JOURNAL, Defendant.

Supreme Court, Special Term, New York County, April 26, 1939.

*Matthew M. Levy*, for the plaintiff.

*McCauley & Henry* [*Charles Henry* of counsel], for the defendant.

STEUER, J. This is a motion to strike out a complete and a partial defense. The memoranda in support of the motion stress the objections to the complete defense only so that it is deemed that as far as directed to the partial defense the motion is abandoned. The defense in question is justification by truth of the article published in defendant's newspaper. The article describes arrests of a group of counterfeiters. The headline is: " Anarchist link in $2,000,000 Counterfeit Plot."

The article starts: " Passing from bombs to bogus money, the old-time anarchist movement was linked to day with a $2,000,000 counterfeit ring smashed by police and Federal agents."

The article mentions that one of the raids was made in the plant which formerly printed the plaintiff's newspaper and that one of the prisoners was a former editor of that publication. Among the statements in the article are the following: " Police also said the members were suspected of a series of deadly postoffice bombings and robberies." It also states that the raids came about as the result of investigation by Secret Service men " aided by New York bomb squad veterans who knew the anarchist movement back in the days when its very name was a synonym for terrorism and infernal machines."

The justification pleaded that " The said ' La Stampa Libera ' was a publication printed in the Italian language, and advocated policies such as are known by ordinary citizens of the United States indifferently as left, communist, socialistic, radical or anarchistic." It further states the doctrines advocated by the paper contemplated a substantial change in the economic and political system of this country and were such as fairly to be characterized as philosophical anarchism. The plaintiff objects that this justification is not as broad as the libel, and hence is unavailing.

It appears to be the theory of both parties that the article charges the plaintiff with the publication of a newspaper which advocated and had some connection with anarchism. The defendant claims that anarchism is a political philosophy which correctly defined has as its aim the reduction of the functions of government to the least possible number. The defendant admits that there have been from time to time persons who have advocated the reduction of organized society to chaos by means of violence and terrorism, and that these people have adopted or received the name of anarchists. Defendant further concedes that the general application

of that name to them has given to the word " anarchism " a secondary and somewhat different meaning. As such it is used in the statute which provides for the crime of criminal anarchy. (Penal Law, § 160.) It is the defendant's claim that the article uses the word in its original sense and as such the justification is broad enough to cover any statement made. It is quite true that where a word used as the basis of a charge of defamation is susceptible of more than one meaning it is proper pleading to justify the use of the word under the meaning which the defendant intends to prove is the meaning intended in the publication. (*Foley* v. *Press Publishing Co.*, 226 App. Div. 535.) Moreover, the very word employed in this article has been the subject of such interpretation. (*Von Gerichten* v. *Seitz*, 94 App. Div. 131.) Where the publication itself leaves no doubt of the sense in which a term is employed, this rule naturally does not prevail. The test is whether the libel as published would have a different effect on the reader from that which the pleaded truth produces. (*Fleckenstein* v. *Friedman*, 266 N. Y. 19.) Applying this test there can be no doubt. The reference to anarchism in the article is not coupled with the idea of the political philosopher developing a theory of government. The anarchism referred to in the article is continuously associated with the idea of bombings and similar outrages. The conception of anarchism presented by the article is purely that of a physical destroyer, and if the application of the term to persons engaged in the activity which has since become criminal is secondary, it is, nevertheless, the application adopted by the defendant in this article. A pleading, therefore, that the plaintiff in its columns urged a policy of change, even though radical, does not go as far as the effect produced by the article, and hence the defense should be stricken out. Motion granted to the extent indicated.