JOSEPH TONELLI et al., Plaintiffs, v. ARTHUR OSMAN, as President of Wholesale and Warehouse Workers Union, Local 65, C. I. O., et al., Defendants.

Supreme Court, Special Term, New York County, October 1, 1945.

*George Rifkin* for plaintiffs.

*David M. Freedman* for defendants.

PECORA, J.   Plaintiffs, labor union officials, bring this action for libel based upon alleged defamatory matter contained in

two circulars issued to workers in the paper industry by a union and its members. Plaintiffs move to strike out the complete and partial defenses pleaded in the amended answer of the individual defendants. The complete defense is one of justification, and the same facts are alleged by reference as a partial defense. The libelous material is set forth in the complaint. Plaintiffs are charged in the circulars with being thieves, racketeers, parasites, grafters and dishonest labor leaders. The complaint alleges that the libels have injured the plaintiffs as officers of their union and that they have been " brought into scandal, infamy and disgrace among employers and workers in the paper industry."

It is too well settled to require citation of authority that the defense of truth if pleaded in an action for defamation must be as broad as the charge. Facts must be alleged to establish the truth. Plaintiffs claim that the facts alleged in the amended answer, assailed here, fall far short of justification of the entire charge.

The answer alleges facts showing that on a number of occasions, after plaintiffs had organized the workers to strike, said plaintiffs in connivance with employers, terminated the strikes resulting in destruction of the organization of the workers and loss of positions to the strikers. It is charged that the interests of the workers were thus betrayed.

Furthermore, the answer sets forth in detail the facts concerning a situation which arose with one employer, wherein plaintiffs are alleged to have resorted to threats of violence to prevent the organization of workers. It is further alleged that in connection with that case, plaintiffs were called in to collaborate with the employer, and that plaintiffs thereupon brought in strikebreakers, to break a strike; and that plaintiffs, through the medium of another union, signed an agreement with the employer; and that the National Labor Relations Board found all of these facts to be true and issued an order restraining the employer from recognizing said union.

In determining whether the justification is as broad as the charge, it is necessary to consider the circumstances under which the defamatory material was published and the effect upon the minds of those who were to read it. The circulars were addressed to and circulated among the workers in the paper industry. What could the defamatory matter have meant to the workers who read it? In effect it charged plaintiffs as being unfit for union leadership. The words " racketeer ", " thief ", " parasite " and " grafter " used in the

circular are characterizations of the actions of plaintiffs. Those actions, the circulars show, consisted of an alleged betrayal of the interests of the workers and collaboration with employers to the detriment of the workers.

In this court's opinion the allegations of the amended answer, if established, would justify the charges in the circulars. The motion to dismiss the defense must therefore be denied. Moreover, a plea in justification may be realleged as a partial defense (*Fleckenstein* v. *Friedman,* 266 N. Y. 19). Consequently, the motion as to this defense is denied. Finally, the motion under rule 103 of the Rules of Civil Practice to strike out certain paragraphs of the answer as irrelevant and unnecessary is denied. Settle order accordingly.