**Richard STEPHENS, Plaintiff-Appellee,**

v.

**COLUMBIA PICTURES CORPORATION, Defendant-Appellant.**

**No. 72, Docket 24120.**

United States Court of Appeals Second Circuit.

Argued Dec. 6, 1956.

Decided Feb. 5, 1957.

Schwartz & Frohlich, New York City (Arthur H. Schwartz and Lawrence C. Gibbs, New York City, of counsel on the brief), for defendant-appellant.

Schenker & Schenker, New York City (David Schenker, New York City, of counsel on the brief), for plaintiff-appellee.

Before CLARK, Chief Judge, and FRANK and LUMBARD, Circuit Judges.*

LUMBARD, Circuit Judge.

Columbia Pictures Corporation, a New York corporation, sued for defamation by Richard Stephens, a Massachusetts citizen, appeals from a judgment against it for $12,500 on the verdict of a jury.

Stephens, an employee of Columbia, working at its Boston, Mass., office, was authorized to make disbursements for Columbia and to put them on a weekly expense account. These expenses were customarily reimbursed to Stephens in a lump sum. Stephens was also authorized to bill certain expenses, charge them to the expense account, and pay the bills out of the expense reimbursement check he received from Columbia.

On May 14, 1952 Stephens either resigned or was discharged by Columbia. At that time, four bills totalling $247.82 which Stephens had incurred for Columbia, remained unpaid. He had received from Columbia the money to pay these bills, but did not pay them; in-

---

* Judge FRANK died after voting for affirmance but before expressing his views with respect to this opinion.

stead he retained the money as an offset against a claim of over $400 against Columbia for other unpaid disbursements he had made.

Columbia subsequently, through its treasurer, Louis J. Barbano, filed with the Maryland Casualty Company, its insurance carrier, two sworn proofs of loss which stated that Stephens had "misappropriated" the funds "with the intent to fraudulently deprive the said Employer of same"; the proofs of loss also recited that "there are no offsets whatever against such claim." Floyd Weber, the defendant's insurance manager, also wrote a letter containing much the same allegations to the insurance brokerage firm which handled Columbia's policy. This action involves three causes of action; one based on this letter and the other two based on the two proofs of loss.

The appellant, Columbia, now contends that the judgment should be reversed on several grounds:

1. That the defense of truth was established, with nothing left for the jury to decide, when plaintiff admitted keeping the money, since plaintiff's good faith, in retaining it as an offset, is irrelevant under New York Penal Law, McK.Consol. Laws, c. 40, § 1306 which provides:

"Upon an indictment for larceny it is a sufficient defense that the property was appropriated openly and avowedly, under a claim of title preferred in good faith, even though such claim is untenable. But this section shall not excuse the retention of the property of another, to offset or pay demands held against him."

The defendant relies on the last sentence of this section, arguing that once Stephens had admitted taking the money, his claim of offset should not be considered, criminal intent being implied as a matter of law and no issue being left for the jury.

2. That the defense of qualified privilege was sustained as a matter of law since no actual malice or ill will was shown; nor was Barbano guilty of such reckless disregard of the plaintiff's rights as would amount to malice, since in signing the proofs of loss he acted solely in a ministerial capacity; and

3. That the trial judge erred in admitting evidence over objection, to show ill will towards Stephens on the part of McWilliams, his immediate supervisor at Columbia, since McWilliams could not be considered as vice-principal in the libel.

 We find no merit in any of these contentions. To establish the defense of truth in an action for libel the facts proved in justification must substantiate all of the defamatory matter charged. Fleckenstein v. Friedman, 1934, 266 N.Y. 19, 23, 193 N.E. 537. In the proofs of loss before us, on which the first two causes of action are based, Columbia charged Stephens with misappropriation "with intent to defraud." Regardless of whether this be considered equivalent to a charge of embezzlement or larceny, justification of the statement must include proof of an "intent to defraud." The existence of such intent was a question for the jury, and the provisions of § 1306 of the New York Penal Law are not controlling.

 We come now to Columbia's letter to its insurance broker, on which the third cause of action is based. The letter, in part, reads:

"We had in our employ for about two years an exploiteer named Richard Stephens. We became dissatisfied with his work and were obliged to let him go. After we made final payment to him for his salary as well as expenses incurred while in our employ, we subsequently were informed of unpaid bills for which we had reimbursed Richard Stephens * * *"

Judge Murphy found that the letter was not libelous per se and left to the jury the question of whether it held Stephens up to "public hatred, shame, obloquy, contumely, odium, contempt, ridicule, aversion, ostracism. degradation or disgrace." The jury found that it did libel Stephens, but it cannot be inferred from that find-

ing that they found the letter contained an accusation of larceny. The most that can be said is that the letter implied a defalcation on Stephens' part. Section 1306 of the New York Penal Law, pressed on us by counsel, is therefore inapposite here also.

Nor was the defense of truth established as to this cause of action either. As noted above, to sustain the defense of truth, New York law requires that the facts proven be as broad as the charge. Here the libelous implication rests at least in part on the allegation contained in the letter that final payment had been made to Stephens "* * * for his salary as well as expenses incurred * * *" There was, however, evidence to support a finding that Stephens had an unpaid claim against Columbia and that final payment had not in fact been made. Whether the defendant had sustained the defense of truth was a question for the jury, and the jury's finding that Columbia had failed in this defense is clearly supported by the evidence.

■ There is no merit in the appellant's other contentions. Columbia argues that its qualified privilege could be lost only by a showing of actual malice or ill will. Under the law of the State of New York, which governs because the publication took place in New York, the malice which would destroy a qualified privilege is not limited to personal ill will. It may also consist of a wanton and reckless disregard of the rights of another. Cf. De Ronde v. Gaytime Shops, 2 Cir., 239 F.2d 735, and the cases cited therein. The jury's finding of such recklessness is here supported by the evidence. It may be true that both Barbano and Weber were acting in only a ministerial capacity, but in so doing they relied on information obtained from McWilliams, plaintiff's immediate superior. These officers knew of McWilliams' marked personal animosity to Stephens and despite that they accepted McWilliams' statements without investigation. This evidence was sufficient to sustain a finding of reckless disregard of the plaintiff's rights. Of course evidence

of McWilliams' animus against Stephens and the fact that it was known to Barbano and Weber were pertinent and clearly admissible.

Affirmed.