Samuel H. Hofstadter, J.
The plaintiff sues the bank in which he carried a checking account for the dishonor for insufficient funds of various checks drawn on the account when the balance was large enough to meet the checks so drawn. The complaint alleges that the plaintiff is a broker and a member of the Bolsa, the principal exchange in Bogota, Colombia, and that his credit was seriously impaired by the dishonor of his checks. By the present motion he moves to strike for insufficiency the four partial defenses set up affirmatively in the answer.
*509 The first of these partial defenses alleges that the return of the plaintiff’s checks unpaid was due to an inadvertent mistake in improperly charging the plaintiff’s account with checks drawn on the account of another hearing a similar name, not discovered until after the return of the plaintiff’s checks, and that their return unpaid was not willful, intentional or malicious. In view of the statement in Wildenberger v. Ridgewood Nat. Bank (230 N. Y. 425, 427): “In this state the liability is for nominal damages and no more, if the dishonor of the checks is the result of innocent mistake ”, the defendant should be permitted to show the circumstances under which the dishonor occurred, in mitigation of damages. Moreover, the fact the dishonor was due to the bank’s error and not to actual shortage in the account might well tend to reduce the harm done to the plaintiff’s credit.
The second partial defense pleads that the checks were re-presented as requested by the defendant at the time of their original return and paid when so re-presented within a few days of the original return. The court must reject the plaintiff’s contention that the defendant’s later compliance with its contract obligations in paying the checks when re-presented cannot affect the amount of its liability for its breach in first dishonoring them. This argument might perhaps prevail had the defense been set up as a complete defense. It is self-evident that the trier of the facts might find less damage from the dishonor of checks promptly paid on re-presentation than from dishonor under other circumstances. The facts pleaded may therefore conceivably reduce the damages suffered.
The third partial defense alleges that the plaintiff’s account was constantly troublesome in that many of his checks had to be returned because there were not sufficient collected funds in his account to pay them and that any loss of credit or standing he experienced was not the result of the return of the checks in suit. The defendant may show under its denials that the plaintiff suffered no damage to his standing or credit from the dishonor of the checks in suit and to that end adduce any competent and relevant evidence bearing on that issue (Fleckenstein v. Friedman, 266 N. Y. 19, 24; McClelland v. Climax Hosiery Mills, 252 N. Y. 347, 356-358). Whether other transactions in the plaintiff’s account and the return of other checks will be material can be determined only during the course of the trial and no opinion on the admissibility of such evidence is expressed at this time. All that is held now is that the matter alleged, insofar as material, is provable under the denials and hence superfluous and that the liberal rule which permits matter pleaded affima *510 lively to remain in an answer, even when provable under a denial, should not be applied here. The retention of the partial defense might carry an implication that the return of other checks of itself is a relevant fact and thus embarrass the correct solution of the question on the trial. Because opinion on this question is now withheld and the defendant is not precluded from fully meeting this issue under its denials, it suffers no prejudice by the striking of this partial defense.
The fourth partial defense is insufficient. This alleges that at no time between the return of the checks in suit and the institution of this action did the plaintiff advise the defendant that he had been damaged by their return and that, had he so advised, the defendant would have promptly communicated with the payees and explained its inadvertent mistake. The defendant adduces no authority which puts on a depositor in the plaintiff’s position the affirmative duty to call on the defendant to take steps to repair the damage caused by the dishonor of his checks. The defendant knew it had returned the plaintiff’s checks unpaid and the circumstances in which it had done so. Its later payment of the checks put it on notice that their initial return was not warranted by the state of the account. If the defendant wished to make amends for its asserted error, it needed no invitation from the plaintiff to proceed on that course. The duty of an aggrieved party to minimize his damage does not, so far as the court is aware, require him to point out to the wrongdoer ways available only to the latter but as well known and obvious to him as to the one whom he has injured, in which he can soften the blow.
Accordingly, the motion to strike the first and second partial defenses is denied, and that to strike the third and fourth partial defenses is granted.