Jacob Markowitz, J.
This is a motion to strike out various complete and partial defenses as insufficient in law, and for certain alternative relief, pursuant to rules 103 and 109 of the Eules of Civil Practice. Although the defenses and partial defenses do not state that they are addressed only to the first cause of action, the brief submitted by plaintiff treats them as relating only to that cause of action and the brief of the defendants acquiesces in this veiw. The defenses and partial defenses purport to allege justification, fair comment, privilege, reply, and corresponding partial defenses which are peculiarly defenses to a cause of action in libel. The only cause of action *816 in libel is the first cause. The defenses and partial defenses will accordingly be considered as addressed only to the first cause of action.
The legal sufficiency of the first cause of action has already been upheld at Special Term (3 Misc 2d 833) and in the Appellate Division (3 A D 2d 703). The gist of the opinion at Special Term, may be found in the following excerpt therefrom: “the enumeration of plaintiff’s various types of participation in activities sponsored by Communist front organizations and the statements regarding the listing of plaintiff’s name, as a scheduled entertainer, in the programs of functions held by other such organizations may reasonably be understood as charging that ‘ plaintiff was either a communist or that he co-operated in communistic activities and associated with communist figures ’ (Mencher v. Chesley, supra [297 N. Y. 94], p. 99). This is all the more true, in view of the statement in the article which, after acknowledging that •Faulk’s statement that the ‘ middlers were chosen for their opposition to Communism ’ ‘ may well be true ’ ‘ in most cases ’, goes on to say: 1 But how about Faulk himself? What is his public record? ’, thus expressing doubt or disbelief that Faulk’s statement was true as applied to Faulk himself.”
As one of the articles incorporated in the first cause of action was held by the Special Term to be reasonably capable of the interpretation that plaintiff was being charged with either being a Communist or having communistic sympathies and affiliations, the cause of action was held sufficient, without consideration of the other articles which were made part of the first cause of action or the other innuendoes pleaded in that cause. For the purpose of considering the attack upon the defenses and partial defenses it is, however, necessary to determine whether the three articles contain any other, additional, libels upon plaintiff. Paragraph ninth of the amended complaint sets forth the various respects in which plaintiff claims he was defamed by the articles in question. Aside from the claim that the plaintiff is accused therein of being “ a Communist, or a pro-Communist and a fellow traveller ” with “ a record * * * of membership in or support of a number of Communist front organizations ”, the only other libels on plaintiff alleged to be contained in the articles are charges or insinuations (1) that plaintiff was unfit to engage in his profession of radio and television artist and lecturer, and (2) that he is unworthy to serve as an officer of American Federation of Television and Radio Artists (AFTRA) because he is opposed to its funda *817 mental anti-Communist principles and would refuse to discharge his responsibility to enforce AFTRA’s constitution and national rules. The articles attached to the amended complaint do not, however, reasonably bear the construction that they accuse plaintiff of being unfit to engage in his profession. They are susceptible of the interpretation that plaintiff is unworthy to serve as an officer of AFTRA, but such a charge does not, in itself, constitute an independent libel. It is libelous only in that it attributes to plaintiff membership in the Communist party, or Communist sympathies, leanings, and affiliations. It follows that the only libel sufficiently pleaded in the first cause of action consists of defendants’ accusations or insinuations that plaintiff is either a Communist, or a pro-Communist and a fellow traveller, with communistic sympathies and affiliations.
The first defense is clearly intended as one of justification, i.e., truth. Proper pleading of such defense required merely that defendants set forth facts which, if established as true at the trial, would warrant or permit a finding by the trier of the facts that plaintiff was a Communist, or a pro-Communist and fellow traveller, interested in furthering the cause of Communism and associated with organizations espousing that cause. Instead of limiting itself to pleading such facts, the first defense in the amended answer of defendants Aware, Inc., and Hartnett comprises 70 paragraphs, covering 28 pages, and is devoted, for the most part, to wholly immaterial and irrelevant matters, such as the purpose of the incorporation of Aware, Inc.; the discovery by defendants of the nature and extent of the Communist conspiracy; the efforts of defendants, undoubtedly laudable and patriotic, to expose and combat Communist activities; the internal disputes within AFTRA, between avowed anti-Communists and others, relating to such questions as ‘1 blacklisting ’ ’ and expelling members who were Communists or who refused to answer questions of a Congressional committee as to whether they were or had been Communists; the publication of a “Report on Blacklisting” by The Ford Fund for the Republic, Inc., and numerous critical appraisals of that report in Congress and elsewhere; the Communist party’s infiltration of radio-television and its use of that field to spread propaganda; ihe realization by defendants that the Communist party of the United States is not a political party but a conspiracy aimed at the violent overthrow of our Government; the history of Communism, beginning with Lenin, in or about March, 1919; and the history of the Communist party in *818 this country. All these allegations, and many more which have not been referred to, are wholly immaterial and irrelevant to the single issue properly presented by the defense of justification, viz.: was the plaintiff in fact a Communist or a pro-Communist and fellow traveller, with Communist sympathies and affiliations. The immaterial and irrelevant allegations specifically referred to, and numerous other immaterial and irrelevant allegations contained in the first defense, can only serve to confuse the issue. Furthermore, if permitted to remain in the pleading, said allegations would allow the admission of evidence in their support which could inflame and prejudice as well as mislead the jury, without having any bearing whatever on the question whether plaintiff was in fact a participant, directly or indirectly, in the Communist conspiracy. There are, it is true, a number of paragraphs relating to plaintiff’s alleged participation in activities sponsored by Communist front organizations and to his appearances as a scheduled entertainer at functions promoted by such organizations. Some of these paragraphs refer merely to advertisements and listings, without any allegation that the statements in said advertisements and listings were true (see, e.g., pars, forty-first, forty-fifth, forty-seventh). Such allegations are purely hearsay and, as such, improper. Others do allege that plaintiff did participate in various of the functions and events set forth. Paragraph fiftieth alleges that “ upon information and belief, plaintiff attended or participated in all or most of the occasions to which the documentation herein above listed referred ”. In view of the indefiniteness of this allegation and the relatively small number of allegations properly alleging plaintiff’s participation in the various activities referred to, in comparison to the mass of unrelated, immaterial matter pleaded by defendants and the hearsay allegations as to plaintiff’s participation, the defendants should be required to serve a further amended answer, omitting immaterial and irrelevant matters, as well as hearsay statements which are not binding upon plaintiff, such as the contents of advertisements and listings published by others, unaccompanied by allegations that the contents were, in fact, true. Consideration of whether the facts pleaded are as broad as the charge made in the articles complained of and, therefore, make out a good defense of justification should await the service of the amended pleading. It should be observed, however, that the legal requirment, that the justification must be as broad as the charge, does not necessarily mean that every single reference to plaintiff’s activities contained in the articles *819 must be shown to have been true. The test is whether the libel, as published, would have no “ different effect on the mind of the reader from that which the pleaded truth would have produced ” (Fleckenstein v. Friedman, 266 N. Y. 19, 23). In other words, if the activities or other acts of plaintiff, pleaded as true in the defense, would justify a finding by the trier of the facts that plaintiff was a Communist, or a pro-Communist and a fellow traveller, the defense would be good from a pleading standpoint.
The first defense in the amended answer of defendant Johnson suffers from the same defects as the pleading of his codefendants, and should likewise be repleaded.
The second defense, in both amended answers, purports to be one of fair comment. The court on the previous motion pointed out that a defense of fair comment “ must show that all the factual statements in the article claimed to be libelous were true and that the comments, thereon, also contained in the article, constituted fair comment The defense, instead of restricting itself to such a showing, repeats all the allegations of the first defense, most of which are just as irrelevant and immaterial to the defense of fair comment as they were to the defense of justification. The defense should be repleaded so as to omit the immaterial, irrelevant and hearsay matters realleged therein, before its sufficiency is considered.
The third defense in each amended answer is virtually identical with a defense stricken from the original answers by an order affirmed by the Appellate Division. It attempts to plead a privilege not heretofore recognized by decisions of the courts or by text writers. The defense is insufficient.
The fourth defense, pleaded only in the answer of Aware, Inc., and Hartnett, asserts the privilege of reply. However, none of the things plaintiff is alleged therein to have said about defendants’ blacklisting practices warranted a reply charging him with being a Communist or a pro-Communist and a fellow traveller, unless that charge was true — in which event the defense of justification sufficiently protects defendants (cf. Guenther v. Ridgeway Co., 187 App. Div. 593). For the purposes of the defense of privilege, which is a defense in confession and avoidance, defendants’ defamatory statements must be deemed false.
The partial defenses repeat all the allegations of the first defense, with very little additional matter. They should be repleaded in proper form before their sufficiency is considered.
*820 The motion is granted to the extent of striking out the third and fourth complete defenses, as insufficient, and.directing that the other complete defenses and the partial defenses be repleaded, so as to omit immaterial, irrelevant and hearsay allegations, before their sufficiency is considered. Defendants may amend within 20 days from the service of a copy of this order with notice of entry.