■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HERMAN HARRIS, Appellant.— Judgment unanimously affirmed. No opinion. Concur — Breitel, J. P., Rabin, McNally, Stevens and Bergan, JJ.

■ JAIME GONZALES, Appellant-Respondent, v. COLONIAL TRUST COMPANY, Respondent-Appellant.— Order so far as appealed from unanimously affirmed, without costs. On this state of the pleadings it is not necessary to determine all the rules of substantive law applicable to the right to recover substantial damages as distinguished from special damages, nor to determine all of the factors relevant to the mitigation of damages depending upon the acts of the parties. Concur — Breitel, J. P., Rabin, McNally, Stevens and Bergen, JJ. [7 Misc 2d 508.]

■ EMBASSY INVESTMENT CO., INC., Respondent, v. MAC-GIL-JAC RESTAURANT, INC., et al., Defendants, and GEORGE S. GOLDBERG, Appellant.— Judgment so far as appealed from unanimously affirmed, with costs to the respondent. No opinion. Concur — Botein, P. J., Breitel, Rabin, Stevens and Bergan, JJ.

■ FIRST BANK AND TRUST COMPANY OF SOUTH BEND, Respondent, v. FRANCIS SMALL et al., Individually and as Copartners Doing Business under the Name of BARROW, WADE, GUTHRIE & COMPANY, Appellants.— Judgment unanimously affirmed, with costs to the respondent. No opinion. Concur — Botein, P. J., Breitel, Rabin, Stevens and Bergan, JJ.

■ BENJAMIN SCHNEIDER, Respondent, v. C. H. D. ROBBINS COMPANY, INC., et al., Appellants, et al., Defendant.— The complaint should have been dismissed if only for the reason that there is a failure of proof identifying the additional tax assessment, for payment of which plaintiff seeks recovery, with the proceeds of the merchandise allegedly sold as agent of defendants. Furthermore, no evidence was introduced in support of a critical allegation of the complaint — that in a sale of the goods plaintiff should not reveal defendants' identity as owners — perhaps because proof of the agreement might have stamped it as illegal. Also, no reason is furnished for plaintiff not having advised the Internal Revenue Service that he had acted only as agent in the sale transactions. Lastly, it would appear that defendants neither sought nor obtained any knowledge, direction or control of plaintiff's methods of resale; and that the relationship among the parties in the transactions involved in this suit was that of buyer and seller, not principal and agent. Judgment unanimously reversed and the complaint dismissed, on the law, and without costs. Concur — Botein, P. J., Breitel, Stevens and Bergan, JJ.