George M. Fanelli, J.
In this libel action plaintiff moves to strike out certain defenses in defendant’s amended answer because of legal insufficiency (Rules Civ. Prae., rule 109, subd. 6). Plaintiff seeks to recover damages because of certain publications in defendant’s newspaper of a story falsely asserting that plaintiff had been convicted of two plumbing code violations and one Multiple Residence Law violation. The defenses under attack plead truth as justification both as a complete and partial defense in mitigation of damages.
The court is of the view that the defenses are legally and factually pleaded. While, concededly, it was a corporation of which plaintiff is the sole stockholder and manager that was convicted of the said violations, yet, it is defendant’s contention, and the defenses so state, among other things, that the violations of which the corporation was convicted originated prior to plaintiff’s transfer of the premises in question to said corporation; and that in truth and in fact the plaintiff too committed such violations, and under the law was personally just as guilty as his corporation since with full knowledge of the violations and after they had been repeatedly called to his attention, he transferred the property to the corporation which he organized for that purpose in order to circumvent the enforcement of the ordinance and statute.
In this pleading stage at which time the defenses must be liberally construed, the court holds that both the complete and partial defense are legally sufficient. WRether or not the plea *184 of truth as justification is as broad as the alleged libel is a matter for the determination of the jury (Fleckenstein v. Friedman, 266 N. Y. 19).
Motion denied. Submit order.