Birdie Amsterdam, J.
Plaintiffs move pursuant to rules 103, 104 and subdivision 6 of rule 109 of the Buies of Civil Practice for an order striking out and dismissing the first and fourth defenses and pursuant to said rules 103 and 104 for an order striking out so much of paragraph 1 of the answer as denies paragraphs 1 and 4 of the complaint and so much of paragraph 6 of the answer as denies ‘ ‘ that the allegedly libelous words were intended to be understood as referring to plaintiff Swan
In the first defense it is alleged that the libelous words set forth in the complaint were published without malice and on information and belief were true in that in or about September, 1954 plaintiff Swan caused to be published or permitted to be published a letter in a periodical entitled ‘ ‘ Expose ’ ’ in which he characterized himself as “an American Fascist”. The alleged libel as contained in the complaint is as follows: 11 Along with Walter and Eastland on the two committees dispensing Draper grants were, among others, Bouscaren and a Virginia University professor named Henry Garrett. In May, 1959, Garrett appeared with a group that sought from a judge in Queens an incorporation charter for their new organization. The judge acidly turned them down because, he said, of its * malevolent purpose,’ namely racism. Another member of that group proudly told newsmen he was ‘ an American fascist.’ ”
The objection is that the source of the alleged truthful words as set forth in the defense differs from the source of the alleged libel set forth in the complaint. The defense is as broad as the charge contained in the complaint, and the allegations of the *848 first defense have the same effect as the alleged libelous words as they are set forth in the complaint. The variance in details as to source does not affect the sufficiency of the defense (Fleckenstein v. Friedman, 266 N. Y. 19, 23).
In the fourth defense, it is alleged that the words referred to in the complaint constituted fair comment and criticism of the plaintiffs and their activities which are a matter of concern and interest to the public in view of the voluminous litigation being prosecuted by the plaintiff association in this and other courts against public officials and various publishers and that the words fairly characterize the view of the plaintiff Swan. A fair comment must rest on facts truly stated. Defendant urges that the comment may itself be a statement of fact based upon another statement of fact. However, a “ statement of fact may be fair comment upon another fact but, in order for the former to be excused, it must be capable of being reasonably inferred from the fact upon which it is a comment ” (Hearst v. Staats Zeitung, 71 Misc. 7, 13). It may be assumed that defendant’s alleged fair comment is a statement of fact as to what are the views of the plaintiff Swan; yet the stated comment by way of statement of fact as to such views is not made to rest as the defense is set forth upon another statement of fact. Reference in the defense to the possible sources of the facts upon which the comment is made to rest is not enough. The fourth defense is insufficient.
In paragraph 1 of the complaint, it is alleged that the plaintiff association is a nonprofit, District of Columbia membership corporation and is .successor to an unincorporated association existing since 1958 and has assumed all of the rights and liabilities of the said unincorporated association which existed under the same name, and in paragraph 4 of the complaint it is alleged that the only group to which Professor Henry Garrett belonged and which in May, 1959 was refused a New York corporate charter by a Queens County Judge was the plaintiff association and the article in question was intended and understood to refer to plaintiff association. The allegations of both paragraphs are denied in paragraph 1 of the answer. The denials are not shown to be sham and frivolous. The words used and contained in paragraph 6 of the answer to which objection is raised are in response to the allegations of paragraph 13 of the complaint which alleges that the words contained in the pamphlet published by the defendant refer and are intended to refer to the plaintiff Swan and are so understood. The denial to which objection is raised is not sham and frivolous.
*849 The motion is granted dismissing the fourth defense and it is otherwise denied with leave to defendant to serve an amended answer within 10 days from service of a copy of this order with notice of entry.