Jacqueline Ferreira **DA SILVA, Plaintiff,**

v.

**TIME INCORPORATED a/k/a Time Warner Inc., Saba Press Photos Inc., and Viviane Moos, Defendants.**

**No. 93 Civ. 8602 (JES).**

United States District Court, S.D. New York.

Dec. 19, 1995.

Howard Gotbetter, New York City, for Plaintiff.

Rogers & Wells, New York City, for Defendants (Margaret Blair Soyster, of counsel).

## MEMORANDUM OPINION
## AND ORDER

SPRIZZO, District Judge.

Plaintiff Jacqueline Ferreira Da Silva brings the instant action against defendants Time Warner Inc. ("Time Warner"), Saba Press Photos Inc. ("Saba Press") and Viviane Moos for defamation arising out of the publication of her photograph in TIME magazine ("TIME"). Da Silva claims that defendants caused her photograph to be published without her consent for commercial, trade and advertising purposes in violation of New York Civil Rights Law §§ 50, 51. Defendants move for summary judgment on the grounds that Da Silva's depiction in TIME was substantially true as a matter of law and that Da Silva is libel-proof. For the reasons that follow, defendants' motion is denied.

## BACKGROUND

Da Silva is a Brazilian citizen who resides in Recife, Brazil. Amended Complaint ("Amend.Compl.") ¶ 1. Between the ages of twelve and eighteen, Da Silva lived as a "street girl" supporting herself through prostitution in Recife, Brazil. Deposition of Jacqueline Ferreira Da Silva Dated April 25–27, 1994 ("Da Silva Dep.") 50, 223; Affidavit of Jacqueline Ferreira Da Silva Sworn to on October 4, 1994 ("Da Silva Aff.") at 2. At the age of eighteen, Da Silva ceased prostituting herself and entered a rehabilitation program in Recife funded by a Brazilian organization known as Casa de Passagem. Da Silva Dep. 37–39, 223; Affidavit of Ana Vasconcelos Sworn to on September 6, 1994 at 1. Shortly thereafter, in February 1992, Da Silva married Josias Marcos Souza Da Silva. Da Silva Aff. at 1.

Time Warner publishes the weekly news magazine TIME. Affidavit of Jay Colton Sworn to on June 30, 1994 ("Colton Aff.") ¶ 1. Saba Press is a photo agency which has often been contracted by Time Warner to provide photographs for publication in TIME maga-

zine. Affidavit of Marcel Saba Sworn to on June 29, 1994 ("Saba Aff.") ¶¶ 2, 5. Viviane Moos is a freelance photojournalist represented by Saba Press. Colton Aff. ¶¶ 15, 17. At the end of 1992, Moos spent ten weeks in Recife, Brazil compiling a photographic essay "The Girls of Recife." Colton Aff. ¶ 19. On November 12, 1992, Moos shot a series of photographs in front of the San Francisco Bar, including several photographs of Da Silva taken without Da Silva's knowledge or consent. Da Silva Aff. at 1. In response to TIME's request for photographs for a sex trade story, Saba forwarded numerous photographs taken by several different photographers. Colton Aff. at 17. Among these photographs was Moos' fifty-eight photograph collection entitled "The Girls of Recife," which included photographs of Da Silva. Colton Aff. at 17.

Thereafter, Time Warner published one of the photographs of Da Silva in a June 21, 1993 TIME magazine story entitled "The Skin Trade," which exposed world-wide prostitution. Colton Aff.Exh. A. The photograph at issue shows a late-night scene in Recife in which several young women were walking down the street past a group of people. *Id.* Da Silva appears in the center of the photograph, walking in a short, tight, multi-strapped dress. *Id.* In the domestic edition of TIME, the caption below the photograph reads "BRAZIL IN THE PORT CITY OF RECIFE, JACQUELINE, 18, WANDERS BY A WATERFRONT BAR LOOKING FOR CUSTOMERS." Colton Aff., Exh. A. The caption in the international edition reads "Young Lives Wasted Jacqueline, 18, looking for customers at a waterfront bar in Recife, Brazil. Almost half the city's many street children, according to a recent survey, sell their bodies to survive." *Id.*

At the time the photograph was taken on November 12, 1992, Da Silva claims she had fully reformed her life as a prostitute, had moved to a new community and established a new reputation therein and had been married for nine months. Da Silva Aff. at 1–2. On June 21, 1993, when the article and photograph were published in Brazil, Da Silva was six months pregnant. *Id.* at 2. Because of the article, Da Silva contends that her new neighbors and friends, who had not known about her past, shunned her by stating that they would not associate with a prostitute. *Id.*

Defendants allege, however, that Da Silva made no effort to conceal her life of prostitution. Prior to photography and publication, Da Silva had given interviews to the press regarding her life as a street girl.[1] Da Silva Dep. 252, 335–37. Therefore, defendants contend that the photograph is substantially true as a matter of law. Defendants also argue that Da Silva's reputation as a prostitute was so low that she is libel-proof with respect to accusations of prostitution, and therefore cannot suffer damages from the defamation.

## DISCUSSION

■ Summary judgment is appropriate where "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). However, where, as here, there is a genuine dispute about a material fact such that a reasonable factfinder could return a verdict in favor of the nonmoving party, summary judgment must be denied. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

■ An alleged libel is substantially true as a matter of law, and therefore not actionable, if the published statement "could have produced no worse an effect on the mind of a reader than the truth pertinent to the allegation." *Guccione v. Hustler Magazine, Inc.,* 800 F.2d 298, 302 (2d Cir.1986), *cert. denied,* 479 U.S. 1091, 107 S.Ct. 1303, 94 L.Ed.2d 158 (1987); *see also Fleckenstein v. Friedman,* 266 N.Y. 19, 23, 193 N.E. 537 (1934). A defendant seeking summary judgment on the substantial truth defense must show that, as a matter of law, the truth is

---

1. These television and newspaper interviews had apparently been organized through Casa de Passagem and focused on her rehabilitation and reform from prostitution. Deposition of Ana Vasconcelos Dated April 28, 1994 at 136.

more egregious than the alleged defamation. *Guccione*, 800 F.2d at 302. The determination of the substantial truth defense to defamation is fact-sensitive. *See id.* In the instant case Da Silva's contention that she was a reformed prostitute at the time of photography and publication provides a rational basis upon which a fact-finder could conclude that the photograph was not substantially true.

Defendants further assert that, because her reputation as a prostitute was so notorious and widespread, Da Silva is libel-proof and therefore has suffered no damages as a matter of law. Where an allegedly libelous statement "cannot realistically cause impairment of reputation because the person's reputation is already so low ... even nominal damages are not to be awarded." *Id.* at 303. The "libel-proof" doctrine is a limited one which should be applied cautiously. *See Id.; Buckley v. Littell*, 539 F.2d 882, 889 (2d Cir.1976), *cert. denied*, 429 U.S. 1062, 97 S.Ct. 785, 50 L.Ed.2d 777 (1977).

Defendants' motion must be denied because a material issue of fact exists as to whether Da Silva's reputation could have and did suffer damage. Da Silva asserts by credible affidavit that, although she had been a prostitute in Recife, she had since developed a reputation there as a reformed prostitute by the time the photograph was taken and published. Moreover, Da Silva asserts she had developed a new reputation in her new community of Jaboatao des Guararapes as a wife and mother rather than as a prostitute. As such, a genuine issue of material fact exists as to whether her new reputation could have been and was tainted as a result of the published photograph.

## CONCLUSION

For the reasons stated above, defendants' motion summary judgment shall be and hereby is denied. The parties are directed to appear for a Pre–Trial conference in the above captioned action on January 12, 1996 at 10:30 a.m. in Courtroom 705.

It is **SO ORDERED.**