DAVID GRAVES GEORGE, Respondent, *v.* TIME, INCORPORATED, Appellant.

First Department, April 19, 1940.

*Bruce Bromley* of counsel [*John F. Harding* with him on the brief; *Cravath, deGersdorff, Swaine & Wood*, attorneys], for the appellant.

*S. John Block*, for the respondent.

Dore, J. Plaintiff instituted this action for an alleged libel contained in the December 31, 1934, issue of defendant's publication *Time.* The article complained of is a news item entitled " Balladist v. Victor " and reports a prior litigation between this plaintiff and Victor Talking Machine Company in which the plaintiff sought to recover royalties as the author of a song entitled " The Wreck of the Old 97," commemorating in the form of a ballad a famous railroad wreck in 1903 near Danville, Va.

The alleged libel is found in defendant's report of the decision of the United States Circuit Court of Appeals in that litigation reversing the District Court's decree in plaintiff's favor. The article complained of contained the following statement regarding plaintiff: " In a Federal District Court he won his fight for royalties. But when Victor appealed, the decision was reversed and his claim dismissed as fraudulent." The complaint contains the entire article but the libel is predicated upon the statement " the decision was reversed and his claim dismissed as fraudulent."

Defendant on cross-examination of plaintiff offered in evidence the opinion of the Circuit Court of Appeals reported by the article complained of and rested at close of plaintiff's case; defendant then moved for a directed verdict and dismissal of the complaint on the

ground that it affirmatively appeared the portion of the article complained of was a fair and true report of and fair comment upon a judicial proceeding. The trial court denied defendant's motion and charged the jury as a matter of law that the statement above referred to was false and libelous and not a fair and true report of or comment on the judicial proceeding. To this charge defendant duly excepted.

If there were any question as to the fairness of the report, that would be an issue for the jury under proper instructions. But on the undisputed facts in this record as to the content of the Circuit Court's opinion, and the language used by defendant in reporting it, the issue as to whether the article was a fair and true report was an issue of law for the court. We think the trial court's ruling was clearly erroneous as the evidence affirmatively established the article complained of was a fair report of a judicial proceeding and defendant's motion for a directed verdict should have been granted.

Prior to the trial plaintiff had moved to strike out defendant's complete defense that the article was privileged as a fair report of a judicial proceeding. Annexed to that defense as an exhibit was the entire opinion of the Circuit Court of Appeals. That motion was denied at Special Term and the order denying it was affirmed by this court on appeal. (*George* v. *Time, Inc.*, 255 App. Div. 765.)

The opinion of the Circuit Court (*Victor Talking Machine Co.* v. *George*, 69 F. [2d] 871) states that a number of songs were written by different persons to commemorate the wreck of No. 97 on September 27, 1903, and quotes at length versions by persons named Whitter and Dalhart among others. After a comparison of the versions, the court concluded that " the plaintiff did not write the song used on the defendant's record but that he copied it largely from Dalhart's rendition of Whitter's record; " and added that plaintiff's song " shows signs of copying even mistakes which appear only in Dalhart." The opinion casts doubt on the credibility of plaintiff and his witnesses; refers to his explanation of why he used the word " average " in his text as " a long, rambling but incredible explanation " that " did not fit in with the facts," and says: " It seems to us too plain for argument that George got the word from Dalhart's record which he heard played immediately after the alleged ' offers of money by the Victor Company' appeared in the News Leader." The opinion refers to the evidence of a witness who testified that plaintiff approached him and offered him a share of the proceeds in an effort to get him to testify that plaintiff had written the song on a certain day in a barber shop but the witness protested he did not remember any such fact. The court then said: " This testimony may account for the suspicious agreement among

plaintiff's witnesses as to dates and other facts." The opinion also points out that materials used in carbon copies which the plaintiff says he used in 1903 to make his copy "were unknown then and could not have been used by him at that time, but they are the materials which were used in 1927, and this testimony stands uncontradicted;" and further holds that an analysis of plaintiff's handwriting of an earlier period in 1901 and a later period in 1927 "justify, if they do not actually force" the conclusion that the characteristics of the writing of the song in question were unquestionably those of 1927 or thereabout when an article appeared in a newspaper concerning offers of money by the Victor Company for the author of the song. Referring to the proof offered, the court says: "The plaintiff's witnesses do not satisfy us that he wrote the song, and the documentary evidence so discredits his testimony as to lead us to the conclusion that he has not borne the burden which the law casts upon him." The court concluded: "The evidence, taken as a whole, it seems to us, establishes beyond question that the plaintiff was not the author of the song put upon the defendant's record."

Although the Circuit Court did not use the word "fraudulent," the language of the opinion is not open to doubt as to the court's conclusion that plaintiff's claim was fraudulent. A reading of the entire opinion establishes beyond question that the claim was so characterized.

Plaintiff contends the report of the Circuit Court's opinion cannot be privileged because the Circuit Court had been reversed on limited certiorari to the United States Supreme Court on the ground that the decree of the District Court appealed from was interlocutory and not final, and that accordingly the Circuit Court was without jurisdiction as the appeal was taken after expiration of the prescribed thirty-day period. (*George* v. *Victor Talking Machine Co.*, 293 U. S. 377.) On the facts disclosed, we think that contention cannot be sustained. Reversal on a procedural ground did not render the Circuit Court's opinion non-existent as a record in a judicial proceeding nor destroy the privilege of fair report and comment thereon. The Circuit Court had general jurisdiction of appeals from the District Court and if the decree was final it properly exercised jurisdiction. That court expressly considered at length the issue of jurisdiction in its opinion pointing out that the decree in question was marked "final decree" by plaintiff, was so understood by the court when it was signed, and the appellant was thus led to rely upon it as a final decree; and numerous authorities were cited to show the decree was in fact a final decree.

The privilege extended under section 337 of the Civil Practice Act extends by its terms to a " fair and true report of any judicial * * * or other public and official proceedings." It should not be denied because the opinion of the intermediate appellate court was reversed on a disputed question of proper appellate procedure. In *Lee* v. *Brooklyn Union Publishing Co.* (209 N. Y. 245) a magistrate acted without jurisdiction of the person of the accused but the court held: " The reporter could not be expected to know whether all of the requirements of law had been complied with, or whether everything said in the course of the proceeding was strictly relevant to the subject of the inquiry. He was required, if he made any report at all, to make it full, fair and impartial, but he was not bound, nor was the defendant bound at its peril, to determine doubtful questions of law." Defendant's report of the Circuit Court's opinion in this case was clearly within the privilege as it expressly stated in the very article in question that the Circuit Court had been reversed by the Supreme Court.

We may take judicial notice of the fact that a " final " decree was thereafter entered in the United States District Court; that Victor Talking Machine Company again appealed to the Circuit Court of Appeals; that the Circuit Court after reviewing the entire record finally determined it could see no reason for departing from its conclusion on the merits of the controversy as to the authorship of the song as set forth in its prior opinion (*Victor Talking Machine Co.* v. *George*, 105 F. [2d] 697); and that plaintiff petitioned the United States Supreme Court for certiorari which was denied (308 U. S. 611).

We think the report in this case was within the rule " substantially a fair account of what took place." (Per Lord CAMPBELL, C. J., in *Andrews* v. *Chapman*, 3 C. & K. 286, at p. 289; Odgers, Libel and Slander [6th ed.], p. 260.) In *Briarcliff Lodge Hotel* v. *Citizen-Sentinel Publishers* (260 N. Y. 106) the rule was stated as follows: " And a fair and true report admits of some liberality; the exact words of every proceeding need not be given if the substance be substantially stated." As was said concerning a defense of justification in *Fleckenstein* v. *Friedman* (266 N. Y. 19): " A workable test is whether the libel as published would have a different effect on the mind of the reader from that which the pleaded truth would have produced." On this record it clearly cannot be said the portion of the article complained of would have a different effect on the mind of the reader than the pleaded and proved statements in the Circuit Court's opinion. In *Cafferty* v. *Southern Tier Publishing Co.* (226 N. Y. 87) the court held that words are to be construed as persons generally understand them and said: " The

libel law is not a system of technicalities, but reasonable regulations whereby the public may be furnished news and information, but not false stories about any one. When the truth is so near to the facts as published that fine and shaded distinctions must be drawn and words pressed out of their ordinary usage to sustain a charge of libel, no legal harm has been done." Unless fine distinctions are made, and form exalted above substance the portion of the article complained of is a fair and true report of a judicial proceeding.

The trial court on the evidence adduced herein should have held as a matter of law that the article complained of was a fair and true report of a judicial proceeding and dismissed plaintiff's complaint upon the merits.

The judgment should be reversed, with costs, and the complaint dismissed, with costs.

MARTIN, P. J., UNTERMYER, COHN and CALLAHAN, JJ., concur.

Judgment unanimously reversed, with costs, and the complaint dismissed, with costs.