JOHN J. O'CONNOR, Respondent-Appellant, *v.* MARSHALL FIELD, Doing Business as the Newspaper "PM," Appellant-Respondent, et al., Defendants.

First Department, May 7, 1943.

*Kermit F. Kip* of counsel (*John J. O'Connor,* attorney), for respondent-appellant *in propria persona.*

*Bethuel M. Webster* of counsel (*Henry Cassorte Smith* with him on the brief; *Webster & Garside,* attorneys), for appellant-respondent.

*Per Curiam.* Plaintiff sues for damages for libel. Defendant pleads as a defense that the article complained of was a fair and true report of a judicial proceeding. This defense has been stricken out, because it contained an admission by the defendant that the publication complained of was to some extent inaccurate and erroneous.

Special Term held that as the statute authorizing such a defense (Civ. Prac. Act, § 337) requires that the report must be a true, as well as a fair report, the admission of any degree of error or inaccuracy therein makes the defense insufficient as a matter of law. We deem this ruling improper.

In *George* v. *Time, Incorporated* (259 App. Div. 324, at p. 328, affd. 287 N. Y. 742) this court said concerning the rule applicable in measuring the fairness of a report of judicial proceedings: " We think the report in this case was within the rule ' substantially a fair account of what took place.' (Per Lord Campbell, C. J., in *Andrews* v. *Chapman,* 3 C. & K. 286, at p. 289; Odgers, Libel and Slander [6th ed], p. 260.) In *Briarcliff Lodge Hotel* v. *Citizen-Sentinel Publishers* (260 N. Y. 106) the rule was stated as follows: ' And a fair and true report admits of some liberality; the exact words of every proceeding need not be given if the substance be substantially stated.' As was said concerning a defense of justification in *Fleckenstein* v. *Friedman* (266 N. Y. 19) : ' A workable test is whether the libel as published would have a different effect on the mind

of the reader from that which the pleaded truth would have produced.' On this record it clearly cannot be said the portion of the article complained of would have a different effect on the mind of the reader than the pleaded and proved statements in the Circuit Court's opinion. In *Cafferty* v. *Southern Tier Publishing Co.* (226 N. Y. 87) the court held that words are to be construed as persons generally understand them and said: ' The libel law is not a system of technicalities, but reasonable regulations whereby the public may be furnished news and information, but not false stories about any one. When the truth is so near to the facts as published that fine and shaded distinctions must be drawn and words pressed out of their ordinary usage to sustain a charge of libel, no legal harm has been done.' "

The present plaintiff is a member of the Bar of this State and of the Bar of various courts of the United States. He was attorney for one Hill, who had been tried and convicted for perjury. Hill had testified falsely before a Federal grand jury as to his acquaintanceship with one George Sylvester Viereck. Thereafter Viereck was placed on trial in the United States District Court for the District of Columbia on a charge of failing to register as a foreign agent. Hill appeared as a witness for the government against Viereck. In the course of his testimony, Hill admitted that he had previously given contrary testimony and that he had been convicted of perjury.

The article complained of purported to report Viereck's trial and to give the substance of Hill's testimony. It said that Hill had testified that plaintiff, as Hill's lawyer, had advised Hill to testify falsely when Hill was called as a witness before a Washington grand jury.

The defense admitted that the report was inaccurate in that Hill had, in fact, stated as a witness that plaintiff's alleged advice had related to testimony to be given by Hill before a petit jury that was to try Hill for perjury, and not as to the testimony Hill was to give before the grand jury. Otherwise, the defense asserts that the report was accurate.

We think that under the present circumstances, including the inaccuracy in reporting, the question as to whether the report of Hill's testimony was substantially true and was a fair report, was for the jury. (*George* v. *Time, Incorporated, supra.*) Accordingly, we hold that the complete defense of privilege was improperly stricken out.

The answer repeats the first complete defense as a first partial defense. Privilege, based on a true and fair report, would

not be a partial defense, and to the extent that it is pleaded as such, it might be improper. But, interwoven in this defense are allegations concerning the publication of a second and corrected article shortly after the publication of the objectionable article. These additional facts would be sufficient as a partial defense in mitigation of damages.

Plaintiff, upon the present motion, does not attack any of the separate allegations or paragraphs contained in the defenses, but seeks to strike out each defense, as a whole, as sham. Under the circumstances, we deem that plaintiff's motion to strike the first defense should have been denied *in toto*.

The second partial defense pleaded in the present answer repeats the matter heretofore alluded to and adds a further claim that the article published was based upon reports received from trustworthy sources and was published without malice. This, again, would be sufficient as a partial defense in mitigation of damages.

Plaintiff states that he claims no punitive damages, and that, because compensatory damages may not be mitigated, so much of these pleas as are in mitigation of damages are improper.

Without conceding the legal correctness of this contention or attempting to determine whether the matter involved was properly pleaded in reduction of actual damage (*Fleckenstein* v. *Friedman, supra*) it is sufficient for the present for us to hold that the complaint as drafted is broad enough to justify a claim of punitive damages, and we must measure the correctness of the answer in the light of the allegations of the complaint.

As we interpret the orders appealed from and the memoranda published in connection therewith, Special Term permitted both partial defenses to stand.

The orders appealed from should be modified by providing that plaintiff's motion to strike out the amended answer be in all respects denied, and as so modified affirmed, with twenty dollars costs and disbursements to the defendant-appellant.

MARTIN, P. J., TOWNLEY, GLENNON, COHN and CALLAHAN, JJ., concur.

Orders unanimously modified by providing that plaintiff's motion to strike out the amended answer be in all respects denied, and as so modified affirmed, with twenty dollars costs and disbursements to the defendant-appellant. Settle order on notice.