Samuel H. Hofstadter, J.
The plaintiff moves to strike for insufficiency one partial and two complete defenses in this action to recover damages for libel. The article charged to be libelous was published in the newspaper of the corporate defendant and under the heading “ Russian Slipup,” contains the subheading “Evidence Suggests Attempt to Unload Confiscated German Bonds in Our Market.” It relates to the rejection by the Board for the Validation of German Bonds in the United States of the plaintiff’s registration for validation of 245 bonds of the nominal value of $1,000 each of the United Steel Works Corporation. The board was established pursuant to legislation of the Governments of the United States and of the Federal Republic of Germany and agreement between these two Governments, by which German external debt obligations were required to be submitted to the board for validation. This procedure was set up by reason of the occupation of Berlin by the armed forces of Russia in May, 1945; these forces seized and confiscated bonds estimated to be in the aggregate principal sum of $350,000,000. The procedure was intended to prevent the sale of these bonds, often called “looted” bonds to bona fide purchasers in good faith in the United States. The validation procedure required the holder to satisfy the board that the bond presented for validation was held outside of Germany on January 1, 1945, that is before the capture of Berlin by the Russians. The plaintiff claimed that he had acquired his $245,000 bonds in Warsaw, Poland, in 1939 and had in 1940 brought them to the United States where they had been ever since. The board, however, found that these bonds in the principal sum of $245,000 were part of an issue of $600,000, which had been deposited in the Reichsbank for the account of the Conversion Office on July 7, 1939, and had remained in the Effectenkasse Treasury until the treasury was taken over by the Soviets in May, 1945. This finding was necessarily adverse to the plaintiff’s claim that he had *415 owned the bonds since 1939 and held them in the United States since 1940.
The first defense is that the article complained of is a fair and true report of the public and official proceedings together with fair comment thereon before the board which thus refused to validate the $245,000 bonds. The article says: “If, as the American authorities evidently suspect, Mr. Abrey is acting as an agent of the Russian government, the situation could be rather serious, ’ ’ and suggests that the peddling of the millions of dollars worth of German bonds “ scooped up ” by the Russians might add materially to “ their propaganda fund ”. The plaintiff has in his complaint pleaded three innuendos, two relating to his alleged tie-up with Russia and the third to his intentional effort to deceive the board. The board’s decision so fully supports the last innuendo that it must be held as matter of law that, insofar as the article does so charge the plaintiff, it is a fair and true report.
The board’s decision makes no direct or explicit statement that the plaintiff is suspected of acting on behalf of the Russian Government, nor does it identify him with its propaganda activities. The plaintiff apparently contends that such absence requires a holding as matter of law that the defense is insufficient. In passing on this contention it is to be borne in mind that the defense purports to be not alone a fair and true report but fair comment thereon as well. The difficulty of labeling a given statement as one of fact as distinguished from comment has been pointed out in Foley v. Press Pub. Co. (226 App. Div. 535, 544-545). It is unnecessary to determine now whether the references to Russia are statements of fact or expressions of opinion. Whether they are true statements of fact or expressions of opinion warranted by facts truly stated they are protected by the privilege here invoked. Study of the article as a whole and of the proceedings before the board, in the light of its origin and of the facts pleaded in the defense persuades me that the defense on its face may not be held insufficient. It may not be ruled that the trier of the facts can have no rational basis for finding that the matter complained of is a fair and true report of the proceedings with fair comment thereon. (Foley v. Press Pub. Co., supra, p. 546.) The issue must be resolved by trial. (George v. Time, Inc., 259 App. Div. 324, affd. 287 N. Y. 742; O'Connor v. Field, 266 App. Div. 121; Gayn v. New York World-Telegram Corp., 272 App. Div. 812.) The headline, too, must be read with the article as a whole and its fairness passed on by the trier, (Commercial Pub. Co. v. Smith, 149 F. 704.) *416 The second defense is the recognized ‘ ‘ rolled-up plea ’ ’. It realleges the first and alleges that the publication complained of consisted of statements of fact and statements by way of comment thereon; the former are true and the latter fair, and hence the publication is privileged. The defense is sufficient. (Foley v. Press Pub. Co., supra.)
The third defense is a partial defense; it realleges the first, pleads a press release issued by the board concerning its decision on the plaintiff’s registration application, annexed in full, and that the defendants obtained their knowledge of the facts from trustworthy sources on which they relied. This is a good partial defense as a statement of the sources of the defendants’ information and the grounds for their belief. (Civ. Prac. Act, § 338.)
The motion to strike the defenses is accordingly denied.