■ JEAN GREGORY et al., Appellants, v. DAILY GAZETTE COMPANY, Respondent.— REYNOLDS, J. Appeal from an order and judgment entered thereon of the Supreme Court, Schenectady County, dismissing the complaint and granting a directed verdict for respondent at the close of its case. Appellants allege that they were libeled by an article published on April 28, 1960 on the first page of the second section of the *Schenectady Gazette*. This article bore the headline " COHN NAMES 31 GAMBLING SPOTS IN CITY ", and stated that Cohn, then District Attorney of Schenectady County, had produced a chart at a hearing before the State Crime Commission which demonstrated a " hookup " between known or alleged gamblers in Schenectady and layoff gamblers in other parts of the State and country and on which appellants' names were listed. Appellants assert that they have never been involved in gambling activities, and this assertion is not disputed here. Respondent's position, and that accepted by the court below, was that this article was a " fair and true report " of an official proceeding within the meaning of section 74 of the Civil Rights Law and was thus privileged. Appellants assert that the question of whether the article was a fair and true report should have been submitted to the jury citing *Campbell* v. *New York Evening Post* (245 N. Y. 320). This, of course, assumes that a factual issue has been developed that requires submission to the jury (*George* v. *Time*, 259 App. Div. 324, affd. 287 N. Y. 742; *Bridgwood* v. *Newspaper PM*, 276 App. Div. 858). We agree with the determination of the court below that no such factual issue had been raised here. In our opinion the article clearly represented a " fair and true " account of Cohn's testimony before the commission and the material depicted on the chart he brought with him. Cohn specifically testified that the chart contained the names of " bookmakers and their contacts " and there is no question that appellants' names appear on the chart. At no time before the commission did Cohn state that names and phone numbers appeared on the chart which were not necessarily connected with gambling activities. It was not until after the article appeared and appellants and others protested to him that Cohn revealed this to respondent. Respondent was not bound to know what Cohn " meant to testify " when in fact his testimony under oath left a contrary

impression. To hold otherwise would place a burden on the press and defeat the purport of section 74. Order and judgment affirmed, without costs. Gibson, P. J., Herlihy, Aulisi and Hamm, JJ., concur.