Jacob G-rumet, J.
The action is in libel. The subject thereof is an opinion which was written by the defendant Mr. Justice Louis B. Heller and published in the New York Law Journal, and a front-page news item or summary of the opinion therein published. To the summary was added the name of the attorney for plaintiff in the action in which the opinion was written. The name of the plaintiff’s attorney did not appear in the opinion.
Defendant Louis B. Heller moves for dismissal of the complaint for legal insufficiency. By separate notice of motion the defendant New York Law Publishing Company moves for similar relief.
The facts are simply stated. Plaintiff, as attorney for various petitioners, brought an article 78 proceeding in the nature of mandamus in Supreme Court, Kings County, to compel the Mayor of the City of New York, the Department of Sanitation and the Fire Department, to remove garbage and other debris in a number of vacant lots. The matter came before Justice Heller, sitting in Special Term, Part I, and he denied the application for mandamus. His decision was published in full in the Law Journal on March 19, 1970 as was also a summary of the decision. No claim is made in the complaint that the summary is not a fair and true report of the decision.
These two items, Justice Heller’s decision and the article summarizing it, are the statements alleged to be actionable. The writing of the opinion was an official act. Participation of the defendant Heller in the publication of the opinion is not shown, but the publication in the Law Journal, an official publication, is also an official act.
'Section 74 of the New York Civil Rights Law reads as follows: “A civil action cannot be maintained against any person, firm or corporation, for the publication of a fair and true report of *949 any judicial proceeding, legislative proceeding or other official proceeding, or for any heading of the report which is a fair and true headnote of the statement published.
“ This section does not apply to a libel contained in any other matter added by any person concerned in the publication; or in the report of anything said or done at the time and place of such a proceeding which was not a part thereof.”
Publication of Justice Heller’s opinion itself is the fairest and truest possible report of a judicial proceeding that can be made. Its content is not disputed. Publication of a judicial opinion by the New York Law Journal is privileged under the statute. (Bradford v. Pette, 204 Misc. 308, 323.)
The article in the New York Law Journal summarizing the opinion, of which plaintiff complains, is a “fair and true” report of a judicial proceeding. The report need not be letter-perfect. The privilege is available if ‘ ‘ the substance is substantially stated” (Keogh v. New York Herald Tribune, 51 Misc 2d 888, 894, affd. 28 A D 2d 1209). There the court at Special Term stated: “It is well established that, in order to qualify for an absolute privilege under section 74 of the Civil Eights Law, an article need not be a verbatim report of a judicial or other official proceeding, nor need it be a letter perfect, precisely accurate summary thereof. All that the law requires is that the article be substantially accurate (Briarcliff Lodge Hotel v. Citizen-Sentinel Publishers, 260 N. Y. 106; Schachter v. News Syndicate Co., 270 App. Div. 378; George v. Time, Inc., 259 App. Div. 324, affd. 287 N. Y. 742).
“ In the Briarcliff Lodge case (supra) the Court of Appeals said (p. 118): ‘ a fair and true report admits of some liberality; the exact words of every proceeding need not be given if the substance be substantially stated ’. In George v. Time, Inc. (supra, p. 328), the court, quoting from Fleckenstein v. Friedman (266 N. Y. 19), said that ‘ A workable test is whether the libel as published would have a different effect on the mind of the reader from that which the pleaded truth would have produced. ’
11 Plaintiff alleges that he had, in fact, had no knowledge of the conspiracy and that he had not participated therein. He points, moreover, to the testimony at the trial which, he maintains, completely clears him. The defendants are not pleading truth as a defense. Plaintiff’s innocence does not affect defendants’ absolute privilege to publish a fair and true report of a judicial or other official proceeding. Defendants are protected if there was testimony at the trial which substantially supported *950 their report of the proceeding, regardless of whether the testimony was true, or whether plaintiff was in fact innocent.”
Clearly, the article in question meets these standards.
The addition of the name of the plaintiff to the summary, which must be considered together with the fully reported opinion, does not vitiate the privilege enjoyed by the defendant New York Law Publishing Company, for it is obviously a part of the judicial record. Since the reports of Justice Heller’s decision in the Law Journal were fair and true reports of a judicial proceeding, the privilege granted by section 74 of the Civil Rights Law is an absolute one, and could not be defeated by a showing of malice even if such a showing were possible (Williams v. Williams, 23 N Y 2d 592).
The privilege with respect to the defendant Mr. Justice Heller is absolute. As stated in Murray v. Brancato (290 N. Y. 52, 55, 56) “ The only question presented upon this appeal is whether the publication of which the plaintiff complains was 1 in the exercise of a judicial function ’ for which the law gives complete immunity to the judge even if he acted maliciously and with actual intent to injure the plaintiff.
“ There can be no doubt that the defendant is exempt from liability for all acts done in the exercise of his judicial function. * * * Citing with approval the opinion of Chancellor Kent, The 'Supreme Court of the United States in Bradley v. Fisher (13 Wall. 335, 351) formulated the applicable rule. ‘ Judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly. A distinction must be here observed between excess of jurisdiction and the clear absence of all jurisdiction over the subject-matter. ’ ”
££ The opinions which the plaintiff claims contain false and defamatory statements were written and filed in a matter upon which the defendant was called to rule. It is clear that even if those opinions had been written with knowledge of their falsity and with actual intent to injure the plaintiff, the defendant, in accord with the well-established public policy, would be exempt from liability for £ composing ’ the opinions. The plaintiff does not claim otherwise. ’ ’
The motions are granted and the complaint is dismissed.