John P. Donohoe, J.
This motion for an order to produce the record of the Court of Special Sessions of the Town of Hyde Park of March 26, 1971, concerning the infant plaintiff herein, for the examination thereof by this court, pursuant to CPL 720.70, for an order dismissing the complaint herein pursuant to CPLR 3211 (subd. [a], par. 7), on the ground that the complaint herein does not state facts sufficient to constitute a cause of action, for an order dismissing the summons and complaint against Michael M. Pennock individually, in any case is granted to the extent that the complaint is dismissed upon the ground that it does not state facts sufficient to constitute a cause of action.
Plaintiff’s motion for summary judgment in favor of the plaintiff is denied.
In this action for libel, the defendants move for dismissal of the complaint upon the narrow ground of the immunity provided by section 74 of the Civil Rights Law.
The court has examined the sealed records of the youthful offender proceedings involving the infant plaintiff in the Town Justice Court of the Town of Hyde Park, pursuant to an order of the court, dated November 10, 1971. The papers contained in that file show that the account which was printed in the defendant newspaper was a fair, accurate and. factually accurate report. (See Droner v. Schapp, 34 A D 2d 823, and the authorities therein cited.)
*170 The immunity so bestowed by statute upon the press applies with equal force if the judicial proceeding which it reports, is secret. (Keogh v. New York Herald Tribune, 51 Misc 2d 888, affd. 28 A D 2d 1209.) The fact that the file pertaining to this youthful offender was not open to the public view does not deprive the defendants of the statutory protection.