OPINION OF THE COURT
Theodore Dachenhausen, Jr., J.
In an action alleging defamation, defendant moves for summary judgment.
On September 26, 1975, defendant, in its newspaper, the Poughkeepsie Journal, published the following article:
"young robber of area bank sent to prison
"An 18-year old Clinton Corners youth was sentenced to 2 Vs to 7 years in state prison for his part in the October 21, 1974 robbery of the Stissing National Bank of Red Hook branch in Stanfordville.
*1004 "County Court Judge Raymond E. Aldrich, Jr., sentenced Bruce Cassidy Thursday as the result of a guilty plea previously entered.
"Last week, Jeffrey Grab, 17, Hudson, Columbia County, was sentenced to four years in state prison by Judge Aldrich. He was described as an accomplice in the bank robbery.
"Cassidy was also sentenced to a concurrent term of 2Vá to 7 years for his participation in the May 9, 1975, robbery of the cashier at the Route 9G Drive-In Theater, Hyde Park.
"Authorities did not release the name of an accomplice in the drive-in theater robbery. He also was sentenced to four years in state prison last week.
"The bank robbery netted $4,082, while the theater robbery netted approximately $100.
"State police investigated the bank robbery. The Sheriff’s Department investigated the theater robbery. There were no injuries in either incident.
"Assistant District Attorney Gerald V. Hayes represented the prosecution at both sentencings Thursday.”
Defendant had been given youthful offender treatment and, in accordance with the applicable statute governing youthful offender treatment, his four-year term of imprisonment was not to be served in State prison. Thus, the crux of plaintiff’s cause of action is that the newspaper article is erroneous in two respects, to wit: (1) plaintiff was not convicted of any crime as suggested in the article’s headline; and (2) plaintiff was not sent to State prison as the article states.
It is clear that the headline referred to Cassidy rather than plaintiff. However, even though plaintiff was sentenced as a youthful offender, he had pleaded guilty to an act which is a criminal act. Whatever reasonable implication can be drawn from the article, it is not, as a matter of law, false.
With regard to the place of imprisonment, this court cannot accept the argument that the error was a falsehood giving use to an action in libel. The substance of the sentence was substantially stated and that is sufficient (Hanft v Heller, 64 Misc 2d 947; Keogh v New York Herald Tribune, 51 Misc 2d 888, affd 28 AD2d 1209).
In sum, it is this court’s opinion that, as a matter of law, the article is a fair and accurate report of a judicial proceeding. As such, its publisher comes within the protection of section 74 of the Civil Rights Law which confers an absolute *1005 privilege (Gardner v Poughkeepsie Newspapers, 68 Misc 2d 169; Keogh v New York Herald Tribune, supra).
The case relied upon by plaintiff, Shiles v News Syndicate Co. (27 NY2d 9) is distinguishable in its facts and, therefore, inapplicable to this situation. Shiles involved the publication of false accusations contained in papers filed in a matrimonial action. The statute required these papers to be sealed. Although the newspaper did not obtain the details from the court files, its publication was not protected by section 74. The Court of Appeals stated (p 15) that, "the privilege created by section 74 of the Civil Rights Law does not attach to the publication of a report of matrimonial proceedings.” The rationale of that rule, as expressed by the Court of Appeals, does not apply to criminal proceedings.
Defendant’s motion for summary judgment is granted.