OPINION OF THE COURT
Edward J. Greenfield, J.
This is an action for libel arising out of the publication in the New York Times of three articles, on March 16, 19 and 21, 1978, dealing with documents released by the House Subcommittee on International Relations in connection with its investigation of Korean-American relations. The articles concern links between the Reverend Sun Myung Moon’s Unification Church and the Korean CIA.
Before the court is a motion by defendant for summary *126 judgment based on its first affirmative defense of privilege. Defendant contends that the articles were fair and true reports of legislative proceedings, and are therefore absolutely privileged under section 74 of the Civil Rights Law of the State of New York.
Plaintiff contends that the defendant deliberately distorted the contents of the documents by stating that the subcommittee had released CIA intelligence reports "asserting” such links, as "fact” and "which confirmed and elaborated” on such links, thus implying that the CIA itself was contending that there were links between Moon and Korean CIA, when in fact the documents were all merely CIA reports of unevaluated claims made by a single unidentified source.
Plaintiff further disputes the applicability of section 74 of the Civil Rights Law. Although there is no dispute that the subcommittee hearings were duly authorized proceedings of a legislative body, plaintiff contends that the documents released by the subcommittee are not "proceedings” within the purview of section 74. However, the caption on the cover and title page of the volume containing the documents refers to the volume as a "supplement” to the subcommittee’s investigation of Korean-American relations, for the use of the committee. This, coupled with the action of the subcommittee in distributing copies of the volume to reporters attending the hearings, clearly shows that the documents were considered by the subcommittee to be part of its hearings.
Plaintiff’s counsel, in its travels through the dictionary when checking the meaning of the words defendant used in reporting on the contents of the documents apparently omitted to look up the definition of "supplement” which is defined as "a part added to, or issued as a continuation of’ — a far cry from being the "extraneous” or "extrinsic” release it is claimed to be by plaintiff. Accordingly, the court finds that the articles, which deal with the contents of the documents, are, in fact, reports on a legislative proceeding. Thus, the issue is whether the articles are a "fair and true” account of the contents of the documents.
Only four of the documents (Documents Nos. 458, 459, 460 and 482) in the supplement mention a link between the Korean CIA and the Unification Church. Of the four, one was on an official CIA report form marked unevaluated information, which explicitly stated that a former director of the Korean CIA used the church as a "political tool”. Two other *127 documents were on plain paper headed "Memorandum for the Record” and reported on general statements "Source” made as to the link between the church and the former Korean CIA director. The fourth document is a State Department report of the statements contained in the first three documents, with the name(s) of those who made the statements blacked out (it may have been the same name each time, or it may have been different names).
The three articles in question quoted and made references to the contents of these documents, prefacing the quotes with the terms to which plaintiff objects: "CIA documents asserted;” "stated as a fact”, "at least two subsequent intelligence reports * * * conñrmed and elaborated”. (Emphasis is plaintiff’s.) Plaintiff bases its action on the contention that these terms implied that the statements in the documents referred to facts investigated by the CIA itself, and that the articles should have explicitly stated that the linkup between the Korean CIA and the church was merely an unevaluated claim by a single source.
The question here is not so much whether the articles were "true” — no misquote of the documents is claimed — but rather, whether the articles were "fair” in that they did not make it clear that the Korean CIA-Unification connection was an uninvestigated claim, and not a CIA proven fact. Section 74 has been given a liberal interpretation by the courts, and inaccuracies and exaggerations are tolerated as long as the substance is substantially stated (Edmiston v Time, Inc., 257 F Supp 22 [defendant granted judgment on pleadings; article on a court opinion in alleged rape case left out words “against her will” in referring to plaintiff’s sexual intercourse]; Briarcliff Lodge Hotel v Citizen-Sentinel Publishers, 260 NY 106 [article said hotel "ignored” water bill, rather than just that hotel failed to pay it, when reporting on municipal board meeting concerning hotel’s nonpayment]; George v Time, Inc., 259 App Div 324, affd 287 NY 742 [article on court opinion used word "fraudulent” in referring to plaintiff’s claim though opinion itself did not use that word]; Keogh v New York Herald Tribune, 51 Misc 2d 888 [motion for summary judgment granted on libel action on articles purporting to report on judicial decisions]).
The articles in question here did not assign to the documents any allegations not contained in the documents and the first article also included statements by former Ambassador *128 William Porter that the intelligence reports might not be accurate and the third article stated that the church denied any connection with the Korean CIA.
Plaintiffs claim that the reports were not fair and true reports is based on technical distinctions between words and their dictionary definitions; however, words are to be construed as persons generally understand them. As a matter of law: "Unless fine distinctions are made, and form exalted above substance the portion of the article complained of is a fair and true report of a judicial [legislative] proceeding.” (George v Time, Inc., 259 App Div 324.)
As the First Department noted in George v Time, Inc. (259 App Div 324, 329) in holding that the trial court should have held as a matter of law that the article complained of was a fair and true report of a judicial proceeding "[u]nless fine distinctions are made, and form exalted above substance the portion of the article complained of is a fair and true report of a judicial proceeding.”
Accordingly, the motion for summary judgment is granted.