OPINION OF THE COURT
Arthur E. Blyn, J.
Defendants’ motion to dismiss the complaint pursuant to CPLR 3211 (subd [a], par 7) for failure to state a cause of action is granted.
Plaintiff alleges two causes of action: first, that defendant’s appearance as counsel in a third-party action violated CPLR 321 and deceived this court; the second, that as a large law firm (over 162 lawyers) appearing as counsel for defendants in third-party actions instigated by this same plaintiff pro se, defendants deprived plaintiff of equal protection of the laws. Plaintiff seeks damages of $100,000 and vacatur of all prior orders entered against him in favor of defendant’s clients.
The instant complaint was served by plaintiff, pro se on February 3, 1981. In 1976, in this court, plaintiff began a derivative action on behalf of Alleghany Corp., on whose behalf defendant law firm appeared. This action has since been stayed pending posting of a bond by plaintiff which plaintiff has not yet done. Another action against the *657 corporation was commenced by plaintiff in January, 1980. Defendants acting as counsel for the corporation had that action transferred to the Federal District Court where it was dismissed. Several prior suits, begun by plaintiff against the same corporation, defendants always appearing as counsel, were likewise unsuccessful.
In the 1976, 1980 and the instant action and others defendants appeared under their firm name, Cahill Gordon & Reindel. The name derives from three once active now deceased partners.
One issue here is whether a group of attorneys organized as a partnership may conduct their practice through a firm which includes in its name the surnames of deceased former partners of the firm.
CPLR 321 states: “A party *** may prosecute or defend a civil action in person or by attorney, except that a corporation *** shall appear by attorney”.
Plaintiff argues that the above use of the word “attorney” implies a single living attorney and precludes dead lawyers’ names. Plaintiff wants this court to negate all judgments, subpoenas, etc., obtained in the firm name without the addition of a living attorney’s name.
The propriety of an appearance under a firm name in the courts of New York State is well established (e.g., see Holy Spirit Assn. for Unification of World Christianity v New York Times Co., 99 Misc 2d 125, affd 68 AD2d 833, affd 49 NY2d 63; Gurnee v Aetna Life & Cas. Co., 104 Misc 2d 840, affd 79 AD2d 860). (That the United States Supreme Court may require a different procedure in its own rule 39 is immaterial.)
A leading treatise on New York Practice has noted: “It is common practice, following the death of a member or members of a law partnership, for the surviving partners to continue to use the firm name. Such practice has the sanction of custom, offends no statutory provision or legislative policy and is expressly regarded by the Canons of Professional Ethics as not being unethical where permissible by local custom, provided care is taken that no imposition or deception is practiced thereby”. (1 Carmody-Wait 2d, NY Prac, § 3.193.)
*658 DR 2-102 of the Code of Professional Responsibility permits “if otherwise lawful a firm [to] use as, or continue to include in, its name, the name or names of one or more deceaséd or retired members of the firm or of a predecessor firm in a continuing line of succession.” A New York State Bar Ethics Opinion (No. 45 [Jan. 26, 1967]) supports this directive (accord ABA Formal Opn Nos. 267 [June 21, 1945], 97 [May 3, 1933], 6 [April 28, 1925]).
In the only New York case found by this court wherein a challenge was made to an appearance on grounds (similar to plaintiff’s) that the attorneys of the firm name were both dead, the Appellate Term, Second Department, rejected the contention, stating: “The practice sought to be prescribed has the sanction of custom and offends no statutory provision or legislative policy. [Canons of the New York Bar Association and American Bar Association permit such custom.] There is no question as to local custom. Many firms in the city use the names of deceased members with the approval of other attorneys, bar associations and the courts. The Appellate Division of the First Department has considered the matter and reached the conclusion that such practice should not be prohibited”. (Mendelsohn v Equitable Life Assur. Soc., 178 Misc 152, 153.)
The reasoning of Mendelsohn controls the instant action insofar as plaintiff challenges defendant firm’s use of its name and, accordingly, that branch of plaintiff’s complaint must be dismissed for failure to state a cause of action.
Plaintiff’s equal protection argument is likewise without merit. No suspect classification is involved nor is there any State action. The State’s law merely leaves every litigant in its courts free to select counsel of his own choosing (NY Const, art I, § 6). By providing a forum to determine the rights of the parties the State takes no “action” for it has no interest in the outcome of private litigation. (Girard v 94th St. & Fifth Ave. Corp., 396 F Supp 450, 455, affd 530 F2d 66, cert den 425 US 974.)
Furthermore, the legal notices, etc., filed by defendant attorney with respect to Federal causes of action are expressly authorized by the United States Code and Constitution and interference by the courts of this State would be *659 inappropriate. (See US Const, art VI, § 2; Gibbons v Ogden, 9 Wheat [22 US] 1.)
Accordingly, the entire complaint fails to state a legally cognizable cause of action and must be dismissed.
Settle order providing for costs (CPLR 8201) against plaintiff.